CASE 11.—ACTION BY BETTIE W. RECTOR AGAINST W. S. RECTOR AND OTHERS.—November 9, 1909.

## Rector, &c. v. Rector

Appeal from Casey Circuit Court.

H. C. BAKER, Circuit Judge.

Judgment for plaintiff, defendants appeal.—Affirmed.

1. Deeds—Construction—Estates Conveyed.—A deed conveying land to the grantee, his heirs and assigns, prohibited the sale or renting thereof during the life of the grantors, husband and wife, and stated that the title should remain with the grantors during their lives, and that the grantee could make improvements on the land, and to have and hold the property unto himself, his heirs and assigns forever. The land was not homestead, and was owned by the husband in fee, in which the wife had only an inchoate right of dower. The grantee died after the death of the husband, but during the lifetime of the wife. Held that, on the husband's death, the fee passed to the grantee, subject only to the dower right of the wife.

2. Appeal and Error—Trivial Error.—The error in a judgment awarding dower arising from the failure of the court to take into consideration the life interest of a third person living at the time of the institution of the suit for dower, but dying before the rendition of the judgment, is infinitesimal, and does not authorize a reversal.

N. H. W. AARON and McQUOWN & BECKHAM for appellants.

STONE & STONE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN—Affirming.

This litigation involves the proper construction of the following deed: "This indenture made, this 12th day of January, 1900, between S. L. Rector and J. M. Rector, his wife, of Casey county, Ky., parties to the first part and R. S. Rector, their son, of the same county and state, party of the second part, witnesseth: That in consideration of the love and affection which they have and do bear toward the party of the second part and for the sum of one dollar in hand paid, the receipt of which is hereby acknowledged, the parties of the first part have bargained and sold and do hereby give, grant and convey unto the party of the second part, his heirs and assigns the following described land on the terms and conditions named below: [The boundary of 250 acres of land is here given.] This indenture prohibits the sale or renting of the above described real estate during the life of parties of the first part except by their consent, the title to remain with the parties of the first part during their lives and by this indenture they forfeit none of their rights and privileges therein. Party of the second part has the right to make any improvements on the said land. To have and to hold said property unto the party of the second part his heirs and assigns forever. In testimony whereof the parties of the first part hereunto set their hands the year and day above written."

The grantee, immediately after the execution of the deed, entered upon and took possession and con-

trol of the land conveyed, and proceeded to and did
erect a dwelling house and outbuildings thereon and
made lasting and valuable improvements, and con-
tinued in the actual possession and control of the land
for his own benefit from the time he entered to the
date of his death, June, 1908.   The grantor, S. L.
Rector, who owned the fee-simple title at the date
of the deed, died a few months after the execution
thereof, and left surviving him his wife, J. M. Rector,
who had only an inchoate right of dower in the land.
This action was instituted by Bettie   Rector, the
widow of R. S. Rector, to have dower allotted to her
in the 250 acres of land conveyed to her husband.
J. M. Rector, the widow of S. L. Rector, who took
by descent from her son, R. S. Rector, all the in-
terest he had in the land, defended the action, con-
troverting appellee's right to dower or any interest
in the land.   After the case was prepared for trial
and submitted, but before any judgment was ren-
dered, J. M. Rector died and her heirs, appellants,
filed a pleading and entered their appearance to
the action, and the case was  resubmitted for judg-
ment, and the lower court awarded appellee a dower
interest in the land.   Hence this appeal.

It will be observed that the granting and habendum
clauses of the deed conveyed to R. S. Rector a fee-
simple title in the land, but between the granting and
habendum clauses the following conditions were in-
serted, to wit:   "This indenture prohibits the sale
or renting of the above described real estate during
the life of parties of the first part except by their
consent, the title to remain with the parties of the
first part during their lives and by this indenture
they forfeit none of their rights  and  privileges
therein.   Party of the second part has the right to

make any improvements on the said land.'' Appellants contend that by reason of this insertion the grantor reserved a life estate in the land, and that the grantee, R. S. Rector, took the fee in remainder after the termination of the life estate of the grantors, and that as the grantee, R. S. Rector, died after his father and during the lifetime of J. M. Rector, that his estate in fee in remanider did not vest during his lifetime, and therefore he was not during coverture with his wife, Bettie Rector, or at the time of his death, seised of such an estate in the land as entitled his widow, appellee, to dower therein. Appellee's contention is that, by the conditions in the deed referred to, the sole intention was to limit and restrain the grantee's power, right, and authority to either rent or alienate the land conveyed to him during the lifetime of the grantors, and that, by reason of the deed, the grantee took and became vested with an estate in fee, with a restriction only upon the power and right to either rent or sell the land during the lifetime of the grantors without their consent. Appellee also contends that R. S. Rector took under the deed an estate in fee, subject to the life estate therein by the grantor, S. L. Rector, and to a dower right of the grantor, J. M. Rector, as the surviving wife of S. L. Rector.

The parties, by counsel, present their contentions with much ability and reasoning. We have not been cited to nor have we been able to find a case wherein a conveyance containing conditions like those contained in the deed in the case at bar has been discussed. Appellants' counsel, in support of their contention that R. S. Rector took a fee in remainder after the death of his mother and father, and that appellee has no dower interest in the land, cited sev-

eral cases. The first — Arnold's Heirs, etc., v. Arnold's Adm'r, 8 B. Mon. 202—is unlike the case at bar. In that case John Arnold devised to William W. Arnold the plantation on which he lived with his wife, containing about 300 acres. He requested his son to remain with himself and mother as long as they might live and cultivate the farm; and the son was to have a third of the surplus made on the farm. By the second clause of the will he devised to his wife the use of the plantation during her life. In the case before us the home place of S. L. Rector and wife was not conveyed by the deed. It appears to have been a separate place. The important difference is that by the deed S. L. Rector did not convey to his wife anything. Her interest in the land remained as it existed prior to the execution of the deed, to-wit, an inchoate right of dower.

Another case referred to is Northcut, etc., v. Whipp and Wife, 12 B. Mon. 65. In that case Archer Northcut devised to his wife one-half of all his land, slaves, and personal property during her life, then to her son, William L. Northcut. He devised the other half to William L. Northcut in fee. By another provision of his will he stated that if his son, William L. Northcut, should die before his mother without children, then that portion devised to him should go to testator's four sisters. William L. Northcut married, and died before his mother and without children. His widow sought dower in the land. The court decided that she was not entitled to dower in the one-half which was devised to testator's wife for life, but that she was entitled to dower in the half devised to his son, her husband, he taking the fee in that portion subject to be defeated only in the event that he died without chil-

dren before his mother. In that case the court said:
"Upon principle and authority, therefore, we are
satisfied the true and substantial test of the right of
dower is that the issue of the wife by the mar-
riage might inherit the estate from the husband as
his heir or heirs. And, as W. L. Northcut had in
the lands devised to him immediately in fee an estate
of inheritance which must have descended on his
death to any surviving issue of his marriage, we are
satisfied that, although he died without leaving such
issue, his widow is entitled to dower in the land."
In the case at bar S. L. Rector did not convey the
land to his wife for life, but she only retained the
interest she had in it at the date of the deed. The
other two cases referred to by counsel for appellants
are Reynolds v. McFarland & Co., 11 S. W. 202, 10
Ky. Law Rep. 932, and Hunt v. Hunt, 119 Ky. 39,
82 S. W. 998, 26 Ky. Law Rep. 973, 68 L. R. A. 180.
In each of these cases the conveyance was by father
and mother to their child or children of the home
place, and each contained this recital, to wit:

"This deed is not to take effect until the death of
the grantors." And it was held that a life estate
was reserved and the child or children took a fee
in remainder. These cases are unlike the one be-
fore us. In this case the homestead was not con-
veyed. The grantors only restrained the grantee
from selling or renting the land within the lifetime
of the grantors. They gave the grantee possession
at once with power to improve and use the same for
his sole benefit. The main thought and purpose up-
permost in the minds of the grantors was to compel
the grantee to reside upon the place and improve
it, and therefore they prohibited the renting or

selling of it. The deed was evidently drawn by a layman, and it was evidently thought that the first words used in the condition did not accomplish that purpose; hence the insertion of the words in the condition referred to, to-wit, "the title to remain in the parties of the first part during their lives and by this indenture they forfeit none of their rights and privileges therein."

What we have said is upon the idea that the sole purpose of the condition and restriction in the deed was to compel the grantee to reside upon and improve the land, and that he was not to enjoy the benefits thereof by sale or renting it, and that the fee simple passed to the grantee subject only to these restrictions. Conceding, however, for the purpose of this case the construction we have given the inserted conditions in the deed to be erroneous, it appears that S. L. Rector owned the fee simple in the whole of the land, and his wife, J. M. Rector, owned only an inchoate right of dower in same, and there is nothing in the terms of the deed to change in any way their interest therein. Therefore, when S. L. Rector, the father, died, which occurred before the death of the son, the fee passed immediately to the son, subject only to the dower right of his mother, J. M. Rector. The lower court in rendering judgment in behalf of appellee committed a slight error in not taking into consideration the life interest of the mother, J. M. Rector; but, as she died before the judgment was rendered, her interest in that should have been considered as infinitesimal, and does now authorize a reversal of the case.

For these reasons, the judgment of the lower court is affirmed.