### Ingram, et al. v. Hardin.

(Decided March 7, 1913.)

Appeal from Mercer Circuit Court.

Wills—Construction of.—Under a will by which the testator devises his property to his daughter absolutely, providing that if she shall die without a will, what is left shall go to A; but that his daughter is not to be limited in any respect as to what she spends, gives away or disposes of by her will; held that under the will the daughter takes a fee and a purchaser from her of the property takes a good title.

C. E. RANKIN for appellant.

R. W. KEENON for appellee.

Opinion of the Court by Chief Justice Hobson—Affirming.

Haldon H. Hardin sold to J. T. Ingram and C. E. Rankin a house and lot in Harrodsburg, and tendered them a deed which they declined to accept on the ground that her title to the land was not good. She held the

property under the will of her father, Thomas H. Hardin. By the first clause of the will he directed his debts and funeral expenses to be paid; by the second clause he directed a monument to be erected on the family lot in Harrodsburg. The remainder of the will is in these words:

"All the balance of my estate, real and personal, bank stock and other bonds and my entire estate, I will, give and devise to my daughter, Haldon H. Hardin, to be hers absolutely and do with as she pleases. If my daughter, Haldon H. Hardin, should die without a will, then whatever of my said estate is left in her hands and undisposed of, I will give and devise said balance to the Midway Orphan School at Midway, Ky. My said daughter is not to be limited in any respect, as to said estate as to what she spends, gives away or disposes of by her will made after my death. I appoint my daughter, Haldon H. Hardin, executrix of my estate and direct and request she be allowed by Mercer County Court to qualify as such without surety on her bond. I direct that no inventory or appraisement of my estate be made and that said executrix shall not be required to make or file in court any inventory of my estate in Mercer County Court or elsewhere."

The circuit court held the title good. The purchaser appeals.

The sum of the will is that the testator, subject to the payment of his debts, the funeral expenses, and the cost of erecting the monument, devises all of his estate to his daughter, Haldon H. Hardin, absolutely. He then provides that if she should die without a will, then whatever of the estate is left in her hands and undisposed of, is to go to the Midway Orphan School. But to make it clear that he did not mean this as a limitation upon the estate that he had given his daughter, he adds: That his daughter is not to be limited in any respect as to the estate, as to what she spends, gives away or disposes of by her will. Making his meaning more clear he adds that she is appointed executrix without bond, and that she shall not be required to make an inventory or appraisement of the estate. From the whole it is apparent that his daughter was the sole object of his bounty, and that he intended her to have the estate absolutely, and enjoy it as she saw fit. She can dispose of any part of the property as she pleases, and the purchaser from her will take a perfect title. No opinion is intimated as to the

validity of the devise over to the Midway Orphan School of what may be left of the estate in the daughter's hands at her death, should she die without a will; as the Midway Orphan School is not a party to this suit. We only hold now that the daughter has the absolute power to dispose of the estate, and that the purchaser from her will take a good title to the land.

Judgment affirmed.