## Dorsey v. Bryan.

(Decided May 18, 1916.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Wills—Construction of—Power of Devisee to Convey Good Title.— Under a will in which the testator said, "I give and bequeath and devise to my beloved wife, Sallie C. Bryan, all of my estate both real and personal of every description, to have and to hold and to enjoy as she may wish," the devisee had the right to sell the land and to convey to the purchaser a good title, although in another part of the will the testator said, "At the death of my wife I desire that the Louisville Trust Co. take charge of any and all effects of any description and invest to the best advantage," and further provided that the Trust Company should hold whatever was left of the estate in trust for the daughter of the testator.

2. Wills—Construction of—Power of Sale.—A devisee may have the power to convey the fee simple title in an estate devised and

yet not be possessed, in the full meaning of these words, of such title.

EDWARDS, OGDEN & PEAK and WILLIAM MIX for appellant.

WILLIAM H. McCULLOUGH and J. W. S. CLEMENTS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

As stated by counsel for appellant, the only question presented in this record is the construction of the will of John Edward Bryan, the husband of the appellee, Sallie Bryan, and this may be further limited to the inquiry whether under the will she had the power to convey the fee simple title in the property devised to her. The will reads as follows:

"I give, bequeath and devise to my devoted wife, Sallie C. Bryan, all of my estate both real and personal of every description to have and to hold and to enjoy as she may wish and I desire that no appraisement or inventory of my belongings be made and that the honorable court require no bond of her. At the death of my wife, I desire that the Louisville Trust Company, of Louisville, Kentucky, take charge of any and all effects of every description and revert to the best advantage. I desire that the sum of ten dollars be paid to my daughter, Sarah Blance Erdman at once and all remaining balance to be held in trust with accumulating interest for the benefit of my said daughter but no amount other than the sum specified shall be paid to her so long as her husband, Chas. T. Erdman, and they are man and wife and should she be lawfully separated from him, "Erdman" then the Trust Company is hereby directed to turn all belongings over to my said daughter to have and enjoy as she may wish.

"Should my wife survive my daughter and there be any legal heirs to my estate, I devise and bequeath to each of them the sum of fifty cents, the remaining sum to be paid to the trustee of the first church of Christ Science, of Louisville, Kentucky, for the building fund of said church."

In the law of wills there are many well known rules of construction, but on account of the fact that wills, with rare exceptions, are worded differently, it is often difficult to apply in a satisfactory way any of these settled rules to the particular will, and this accounts for the

many nice distinctions courts make in will cases in an effort to get at the intention of the testator and also decide under what rule of construction the particular will should fall. And the will here in controversy furnishes another illustration of the truth that many case precedents can be found which apparently authorize two constructions. If the testator had stopped with the clause "I give, bequeath and devise to my beloved wife all of my estate both real and personal of every description, to have and to hold and to enjoy as she may wish," there could of course be no difficulty in at once deciding that he intended to and did invest his wife with the fee simple title to the estate devised. But when we come to read the entire will it is doubtful if the testator intended to, or if the will should be so construed as to, give to his wife the fee simple title to the estate as these words are usually understood and applied in the law.

But in disposing of the question here presented we do not find it necessary to determine whether or not his wife took the fee simple title, in the broad meaning of these words, as a devisee may have the power to convey the fee simple title in estate devised and yet not be possessed, in the full meaning of these words, of such title. For example, if the devisee has not been given the fee simple title in the estate, she may yet have such power of disposition as will enable her to convey the fee; and the only question with which we need concern ourselves is, did Mrs. Bryan have this power? We think she did.

It would seem that the testator had in mind in writing this will two controlling desires: First, he wanted his wife to use and enjoy the estate as she pleased; and, second, if after she had finished with it anything was left, he wanted his daughter, Mrs. Erdman, to have the remainder. We find no limitation upon the power of the wife to use and enjoy as she pleases the entire estate or upon her power to sell or convey or re-invest it. The daughter was to get only what was left after the wife had used such part of it as she pleased. The testator doubtless thought that his wife might not need during her life the whole of the estate, and therefore he wished any part of it that might be left unused to go to his daughter.

We think the words "to have and to hold and to enjoy as she may wish" are clearly broad enough in their ordinary meaning to give the power of disposition to the

wife. She could not well "have and hold and enjoy the estate as she wished" without the right to dispose of it. And to say that she did not have this power would restrict the natural meaning of the words employed by the testator and in part at least defeat what we conceive to be his intention. So that limiting the scope of the opinion to the precise question before us, we find abundant authority supporting the proposition that she did have this power.

In Anderson v. Hall, 80 Ky. 91, the testator gave to his wife, Mary F. Hall, "all my property, including real and personal of any and every description whatever, giving her the right to sell and re-invest, as she may desire, any part of the same for her own separate use and benefit, and at her death, I desire that any portion of my estate remaining undisposed of shall go to my three daughters, Mary Davis, Annie Harbison, and Amelia Wilson." In construing this will the court said that the testator did not intend to give to his wife the fee in the property but that "the testator was disposing of his entire estate, and the first object of his bounty being his wife, his plain purpose was to make a liberal provision for her, by giving to her his entire estate for life, with power to sell and re-invest any part of the same for her own use and benefit, and any of his estate remaining undisposed of at his wife's death to pass to his three daughters. The words 'for her own separate use and benefit' were evidently intended to exclude the idea that his children or any one else should exercise any power or control over the estate during the life of his wife, and that she might sell and re-invest for her own exclusive use, not to acquire an absolute estate, but for her separate use and benefit during life." To the same effect are: McCullough's Admr. v. Anderson, 90 Ky. 126; Coats' Exor. v. L. & N. Railroad Co., 92 Ky. 263.

In Martin v. Barnhill, 21 Ky. L. R. 1666, the provision in the will reads: "I will and bequeath to my beloved wife, Siberia A. B. Barnhill, after my burial expenses and just debts are paid, all of my property, consisting of lands, stocks, moneys, bonds, notes, etc., household and kitchen furniture, to have and to hold, and to dispose of as her own property, as long as she shall live, and after her death to be equally divided among my children or their legal representatives." And the court said: "We think it was the intention of the testator to provide for the

comfortable support and maintenance of his wife as long as she should live, and that if necessary, to enable her to attain this object, she was authorized to treat the property bequeathed as her own and to dispose of it as her necessities might require; and if at her death any part of it remained undisposed of it should then be equally divided among the testator's children or their legal representatives. He did not intend that she should sell this property or give it away, but that she should not be hampered in its appropriation to her own necessities."

In Embry's Executrix v. Embry's Devisees, 31 Ky. L. R. 295, the will read: I give to my wife, Sallie A. Embry, all of my estate, of every kind and character of which I die possessed, to do with as she may please during her life, and at her death if there is anything remaining of my estate of which I die possessed or the accumulation thereof, I desire that it shall go to and become the property of my daughter, Zedie Arbuckle, and her children. In the event of the death of either of my daughter's children before it becomes of age, then any portion of the estate that such children would inherit under this will I desire shall go to the brothers and sisters of said children in equal parts, share and share alike." And in holding that the wife had the right to sell and convey but not the same unrestrained right of disposition as would follow if she were given the fee, the court said:

"If the testator had intended to give the absolute and uncontrolled disposition of his estate to his widow he would not have provided for an interest in remainder, nor would he have, in any manner, limited her power of disposition. The will does not restrict the widow to a mere life estate, nor does it give her the fee. The mainfest purpose of the testator was to provide in the most liberal way for the comfort and convenience and maintenance of his wife. With this object in mind, he provided that although she should only own the estate for life, that during that time she might dispose of so much of it as was necessary to comfortably support and maintain her."

In Galloway v. Durham, 118 Ky. 544, the clause in question read: "That all the balance of my property, real and personal and mixed, go to my sister, Susan Brooks; and that she have same; but should she die without issue and leave any of the property at her death given her by this will, then in that event, my sister Sal-

lie Galloway and her children have said property." And the court held that Susan Brooks, the devisee, had the right to sell and convey the fee simple title.

In Kleber v. Kleber, 24 Ky. L. R. 7, the devise was: "I give and bequeath unto my beloved wife, Louisa Kleber, all of my estate, consisting of realty and personalty, wherever situated, to do with as she pleases, provided she does not marry again. If she marries again she should have only the legal third part. After the death of my wife, Louisa Kleber, should there be any estate remained undisposed of, I desire and bequeath that the residue be equally divided between my children, share and share alike." And the court held that Louisa Kleber had the right to dispose of the property as she pleased, which included the right to dispose of it by will.

In Sutton v. Johnson, 127 S. W. 747, the clauses in controversy read: "That all the balance of my estate shall go to my wife, and that she shall do whatsoever seems best with it as long as she lives. After her death I desire whatever remains of the estate shall be divided equally between my children." And the question was whether the widow of the testator had the right to sell and convey the fee in the estate devised, and the court held that she did, saying: "Our conclusion, then, is that the appellee took a life estate in the property in question, with power to convert it into a fee by making conveyance thereof. It therefore follows that the deed tendered to appellant was sufficient, and that he should be required to take and pay for the property. However, the devise over to the testator's children is not void; they will have the same interest in the proceeds of the same that the will gave to them in the property sold."

In Ingram v. Hardin, 152 Ky. 666, the question was whether Haldon H. Hardin could convey a good title to J. T. Ingram, to whom she had sold a tract of land devised to her under the following will:

"All the balance of my estate, real and personal, bank stock and other bonds and my entire estate, I will, give and devise to my daughter, Haldon H. Hardin, to be hers absolutely and do with as she pleases. If my daughter, Haldon H. Hardin, should die without a will, then whatever of my estate is left in her hands and undisposed of, I will give and devise said balance to the

Midway Orphan School at Midway, Ky. My said daughter is not to be limited in any respect, as to said estate as to what she spends, gives away or disposes of by her will made after my death."

The court, in holding that she could pass a good title, said: "From the whole it is apparent that his daughter was the sole object of his bounty, and that he intended her to have the estate absolutely, and enjoy it as she saw fit. She can dispose of any part of the property as she pleases, and the purchaser from her will take a perfect title. No opinion is intimated as to the validity of the devise over to the Midway Orphan School of what may be left of the estate in the daughter's hands at her death, should she die without a will."

Wherefore, the judgment of the lower court holding that Mrs. Bryan had the power to convey a good fee simple title to Dorsey is affirmed.