## McCormick v. Security Trust Company of Lexington, Administrator, et al.

(Decided April 23, 1919.)

### Appeal from Fayette Circuit Court.

1. Powers—Validity and Sufficiency of Execution.—Under section 4845 of Kentucky Statutes, where one having a power of appointment to be exercised by will, devises his whole estate to a person whom in his discretion he has the right to designate, the devise is an execution of the power, although the power may not be mentioned or referred to, unless a contrary intention appears from the will.

2. Powers—Persons Entitled to Share Under Will.—When a power of appointment is conferred by will to be exercised as to a class of persons, each one of the class is entitled to a substantial portion of the estate, but it is not necessary that each of the class shall receive an equal share.

3. Powers—Execution of Power.—A deed by the donee of the power of appointment to one of a class she had the right to designate, which referred to the source of the power and which was ineffectual for any purpose unless an exercise thereof, held to be an execution of the power.

4. Deeds—Right of Possession Deferred Until Death of Grantor.—An instrument which is a deed in form and in the manner of its execution and which contains apt words of conveyance of the fee in the present tense, but providing that the title should not vest until the death of the grantor, held upon construction as a whole and giving some effect to all of its provisions, to be a deed and not merely testamentary, vesting a present interest in the grantee, with right of possession deferred until death of grantor.

GEORGE C. WEBB, JAMES G. DENNY and J. EMBRY ALLEN for appellant.

FALCONER & FALCONER and RIVES & SHANNON for appellees.

Opinion of the Court by Judge Clarke—Reversing.

James McCormick died testate in 1897, the owner of four pieces of real estate in Lexington, Kentucky, worth approximately $40,000.00, and a small amount of personal property, the latter, however, insufficient by about $2,500.00, to pay his indebtedness. By his will, which was duly probated soon after his death, he directed that his debts and funeral expenses be paid, named his wife, Ellen McCormick, executrix without bond, and disposed of all of his property by the third clause, which is as follows:

"3. ' My entire estate, consisting of real and personal property, notes for money and all moneys from life insurance, cash on hand, and all other things belonging to me, I will and bequeath to my wife, Ellen McCormick, during her lifetime, with the right to dispose of it by will or deed, and in such proportions as she may think best and among our children."

In 1906 Ellen McCormick conveyed by deed to her son, Thomas McCormick, one of the four pieces of real estate of which her husband died the owner, it being located on North Limestone street, and worth about $14,500. Without having conveyed any other of his property by deed, Ellen McCormick died testate in 1913, devising all of her property to her four children, Catherine McLaughlin, Mollie Byrnes, Alice Reinberger and Thomas McCormick, in equal shares, placing the share of Thomas in trust for his use and benefit during his lifetime, with remainder to his children, if any, but if childless and unmarried, to his three sisters.

Although she did not mention or refer to her husband's property over which his will gave her the power of appointment by deed or devise, her will was nevertheless an execution of that power, under sec. 4845 of Kentucky Statutes, since she devised her whole estate to those she had a right to designate, and a contrary intention is not manifested. Herbert's Gdn. v. Herbert's Exor., 85 Ky. 147, 2 S. W. 686; Hankins v. Columbia Trust Co., 142 Ky. 206, 134 S. W. 498. It therefore results that if her deed to her son Thomas is upheld he got of his father's estate as disposed of by his mother under her power of appointment, the Limestone street property, worth $14,500.00, and one-fourth of the residue, worth about $6,000.00, while his three sisters received

only the one-fourth interest each devised them by their mother, worth about $6,000.00.

There is an effort on the part of counsel for appellant to show that this inequality is much reduced by advancements made by the father or mother to two of the daughters, and that the other daughter is in affluent circumstances; but we need not consider such evidence, because that question is entirely immaterial as we view the proposition up for decision. Nor is there any issue presented by the pleadings of fraud, duress or undue influence upon the part of Thomas or of mental incapacity upon the part of his mother, hence we can not consider the evidence upon such issues given in another case heard with this one below, but not appealed, even though there is an agreement between parties that such evidence, so far as competent and relevant, can be used in this case, because such evidence is not relevant or competent upon the issue formed.

The validity of the deed is attacked upon the sole ground that it is not a valid execution of the power of appointment conferred upon Ellen McCormick by her husband's will, and this because of the inequality in the distribution, and because of the form and language of the instrument.

1.   The rule is thoroughly established in this state that when a power of appointment is given by will to be exercised as to a class of persons each one of the class is entitled to a substantial portion of the estate, but it is not necessary that each of the class shall receive an equal share.   Clay v. Smallwood, 100 Ky. 212, 38 S. W. 7; Barrett's Exors. v. Barrett, et al., 166 Ky. 411, 179 S. W. 396, L. R. A. 1916 D. 493 and note.

While this court, in the latter case, accepted and applied the illusory devise doctrine despite the great weight of modern authority against it, upon the ground that the inequality was so great as to amount to a practical exclusion of some of the beneficiary class from substantial participation in the fund, there is in the case at bar no excuse whatever even for the application of that doctrine, since it can not be said that the $6,000.00 given each daughter by the mother in the execution of the power was not a substantial portion of the father's estate.   Had there been an equal division each child would have received approximately $10,000.00, and none hav-

ing been given less than about two-thirds of that amount, each received a substantial portion.

2. In the case of Hankins v. Columbia Trust Co., 142 Ky. 206, 134 S. W. 498, this court quotes from Blagge v. Miles, 1 Story 426, Fed. Cas. No. 1479, Judge Story's statement of the common law rule for determination of whether an instrument, either deed or will, is an exercise of a power of appointment. It is then shown how this rule with reference to an exercise of the power by will has been changed by the statutes of this state, but as there has been no change by statute of the rule with reference to an execution of such a power by deed, we assume that common law rule still affords a correct test for determining whether a deed is an exercise of a power of appointment or operates simply upon the individual property of the grantor. As stated that rule is:

"Three classes of cases have been held to be sufficient demonstration of an intended execution of the power: (1) Where there has been some reference in the will, or other instrument, to the power; (2) or a reference to the property, which is the subject on which it is to be executed; (3) or where the provision in the will, or other instrument, executed by the donee of the power would otherwise be ineffectual or a mere nullity—in other words, it would have no operation, except as an execution of the power." See also Thomas v. Wright, 66 S. W. 993; Henriott v. Good, 153 Ky. 420, 155 S. W. 761; Meeks v. Robards, 157 Ky. 202, 162 S. W. 818, and Tiedeman on Real Property, sec. 569.

By the deed in this case, the mother "does hereby give, grant and convey unto the party of the second part, his heirs and assigns forever, an estate in fee simple in and to the following described property, the title, however, to vest in second party not until the death of the first party, and the party of the first part particularly reserves the right to all the rents and profits arising from said real estate during her life." Following the description of the property is this recitation:

"It being the intention of grantor to convey all right that came to her by the will of her husband, James Mc-Cormick, in and to the above described lot, as shown in the deed of conveyance from Malachi Haley to the same James McCormick," which deed to James McCormick conveyed the fee simple title to the property. The deed to Thomas McCormick concludes "to have and to hold

the said property unto the party of the second part, his heirs and assigns, according to the limitations set out herein.'' There are no covenants of warranty.

Clearly under the above rule and authorities this instrument, which in form and the manner of its execution is a deed, is an execution of the power, as it refers to the will creating that power, and is of no effect whatever otherwise, since the grantor reserves from its operation her life right which was all she had other than the power of appointment; unless it is merely testamentary in character and not in fact a deed.

Payne v. Johnson's Admr., 95 Ky. 175, is not, as counsel for appellees insist, authority against this conclusion, for as pointed out by this court in Thomas v. Wright, *supra,* the two writings involved were not in fact deeds at all, but were intended simply as mortgages.

3.   But it is contended by counsel for appellees that the deed to Thomas is in fact a will and not a deed, because the title was not to vest until the death of the grantor, and is invalid therefore as a deed, and also invalid as a will because it has never been established as such.

Construing an instrument very similar to this one, in Hunt v. Hunt, 119 Ky. 43, this court said:

''While the instrument in question contains the words that it is not to take effect until the death of the grantors, it also contains the words 'do hereby sell and convey,' 'to have and to hold,' and 'said party of the first part hereby covenants with the said party of the second part that he will warrant the title hereby conveyed.' These words aptly convey a present estate, and it is not presumed that one part of the deed was intended to conflict with another. As it is clear that, as to S. E. Hunt, only the enjoyment of the property was postponed until her death, we conclude that giving some effect to all parts of the deed, its proper construction is that the grantee takes a present estate vesting at the time of its delivery, but taking effect in possession at the death of the father and mother.''

Other cases sustaining deeds containing apt words of conveyance in the present tense as effective upon delivery though the time of enjoyment or possession is postponed, are: Reynolds v. McFarland, 11 S. W. 202; Phillips v. Thomas Lum. Co., 94 Ky. 445; Rawlings v.

McRoberts, 95 Ky. 346; Martin v. Stewart, 111 S. W. 282; Chappell v. Chappell, 119 S. W. 219; Rector v. Rector, 137 Ky. 81; Taylor v. Purdy, 151 Ky. 85.

Construing the instrument here as a whole and giving some effect to all of its provisions, we are convinced it is in fact, as it is in form and the manner of its execution, a deed; that it conveyed a present interest and merely postponed the possession or enjoyment, and that it was a valid execution of the power of appointment vested in the grantor by the will of James McCormick.

Wherefore the judgment is reversed and the cause remanded with directions to dismiss the petition.