## Hall v. Hall.

(Decided May 18, 1926.)

### Appeal from Boyd Circuit Court.

1. Wills—Under Devise of Farm with Provision that Devisee Shall Support Testator's Wife and Keep Her at Farm Home if She Desired, Wife had Right to Select Home.—Where testator devised farm to son, with provision that son support testator's wife during her life and required him to keep her at farm home if she desired and prohibited sale of farm until her death, wife was not required to live with him nor on farm, but had right to select her own home.

2. Wills—Where Land is Devised Charged with Support of Another, Beneficiary is Only Entitled to Support According to Her Station in Life and Standard of Living in Community.—Where testator devised farm to son charged with support of testator's wife, wife could impose upon devisee, obligation only for what was reasonably necessary for her comfortable support, according to her station in life and standard of living in community in which she resided.

3. Wills—Where it is Improbable that Land Sold Subject to Lien for Future Support Will Bring Fair Value, Sale Will be Ordered Only as Last Resort to Enforce Charge.—Where land is devised subject to a charge for support, and it is not probable that the land, if sold subject to lien for future support, will bring its fair value, court will not order sale of land except as a last resort to enforce charge against devisee.

4. Wills—Devise of Farm, with Provision that Devisee Support Testator's Wife and Prohibiting Sale Until Her Death, Held a Devise Subject to a Charge, Not Devise on Condition Subsequent.—Devise of farm, with provision that devisee support testator's wife during her life, requiring him to keep her at farm home if she desired, and prohibiting sale until her death, held a devise subject to a charge, not a devise on condition subsequent.

5. Wills.—A will cannot be rescinded by beneficiary.

6. Wills—Under Devise of Farm Charged with Support of Testator's Wife, She is Only Entitled to Judgment for Support Money and

Lien on Farm with Right of Sale Subject to Lien.—Where farm was devised subject to a charge for support of testator's wife, the only relief to which she was entitled to compel payment was judgment for support money and lien for support with right to sale subject to such lien.

JOHN W. WOODS for appellant.

WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming on cross-appeal and reversing on original appeal.

At the time of his death on April 24, 1922, Squire Hall owned a farm in Boyd county worth about $3,000.00, and some personal property of little value. He left a will which after providing for the payment of his debts and bequeathing $50.00 to his grandson contained the following provision:

> "Item 111. All the remainder of my property, real and personal, of every kind and description wheresoever situated, which I may own or have the right to dispose of at the time of my decease I give, bequeath and devise to my son, Milligan Hall, with this provision, however, that the said Milligan Hall is to take care of and support and clothe, furnish a home to and furnish board for my wife, Eliza Hall, so long as she shall live, and, furthermore, said Milligan Hall is required to keep my said wife at the home where we now live so long as she shall live if she so desires and he may not sell said farm or dispose of same in any way until after my said wife's death."

Milligan Hall was nominated as executor without bond. On the death of the testator Milligan Hall took charge of the farm and personal property which amounted to about $100.00, and paid the $50.00 to the grandson and the debts and funeral expenses of the testator. The testator's widow, Eliza Hall, was his second wife, and the stepmother of Milligan Hall. Milligan Hall owned a small farm a few miles distant from the farm owned by his father at the time of his death. Eliza Hall was sick when her husband died and though requested by Milligan to go to his home she preferred to go to the home of one of her sons where she remained for three or four weeks. After that she lived with Milligan

for about eight months. She then went back to her son's home and after remaining there until April, 1923, she went back to Milligan's home and stayed there until July 18, 1923. She then took up her abode in the old home place where she stayed until October, 1923, when she again returned to Milligan's home. After staying there for a week she left at the request of Sam Wrenfro to help his wife with her baby and continued to live at the Wrenfro home until February, 1924. She then went to Tubal Manning's where she remained until April, 1924. In the meantime she had consented that the home place be rented to one John Kelly by a lease which reserved a room for her. On leaving Manning's in April, 1924, she went to the old home place and occupied the room reserved for her until the month of June, 1924. Becoming dissatisfied with this arrangement she moved into an old smoke house which Milligan and Kelly repaired the best they could for her comfort and convenience and remained there until December, 1924.

In the month of December, 1924, this suit was brought for the enforcement of her rights under the will. On final hearing it was adjudged that Mrs. Hall recover of Milligan the sum of $840.00 subject to a credit of $200.00 for past support and maintenance, and the further sum of $360.00 for her support and maintenance for the year beginning June 27, 1925 and ending June 27, 1926. To secure these sums she was adjudged a lien on the farm which was ordered to be sold subject to her lien for her support for the rest of her life. Milligan Hall appeals, and Mrs. Hall prosecutes a cross-appeal.

No case of intentional mistreatment or wilful neglect is presented, but it is clear that whatever failure of duty there was on the part of Milligan was due to a misconception of the obligation imposed by the will rather than to a desire to avoid responsibility. He seems to have assumed that his offer to take care of Mrs. Hall on his own farm, or on the old home place, was sufficient, and that, if she was not willing to live with him, he was not required to provide for her in the home of others. It must not be overlooked that the testator saw fit to make his wife's support and maintenance a charge on the property devised. Doubtless he contemplated that she and his son should live together, but he placed no restriction on her choice and left her free to live where she pleased. For some reason, though not because of any unkindness on Milligan's part, Mrs. Hall did not care to live with him,

or with the family of the tenant on the farm devised by his father, and the situation would not have been different had Milligan changed his residence. In the circumstances Mrs. Hall had the right to select her own home, but she did not have the right to go where she pleased and impose upon her stepson any obligation in excess of what was reasonably necessary for her comfortable support, according to her station in life and the standard of living in the community in which she resided. Considering the case in the light of these factors and the other evidence, we are constrained to the view that $20.00 a month is reasonable allowance for past and future support. However, appellant should not be required to pay for her support during the time that she lived with him or occupied the home place, for the evidence justifies the conclusion that he made suitable provision for her during those periods. At the time the judgment was rendered the testator had been dead for 39 months. Mrs. Hall lived with appellant for 11 months of that time and on the old home place for another 11 months. This leaves 17 months during which she lived with others, and during that time he contributed something to her support. On the whole, we are of the opinion that Mrs. Hall is entitled to a judgment of $300.00 for her support up to the time the judgment below was rendered, and for the time since then at the rate of $20.00 a month. She is also entitled to a future allowance of $20.00 a month payable in advance. For these sums she should be adjudged a lien on the land. As the future allowances will provide for her immediate wants, the past allowance should be made payable one-half in sixty days and one-half in six months. As it is not probable that the land, if sold subject to the future support of Mrs. Hall, will bring its fair value, the court will not order a sale of the land except as a last resort.

On the cross-appeal it is insisted that the property was devised on condition subsequent, and the condition not having been complied with the estate should be forfeited. This is not a case where the grantor conveyed land conditioned on his support by the grantee. It is a case of devise subject to a charge in favor of appellee. A will can not be rescinded, and appellee is not in a position to insist on a forfeiture. The only relief to which she is entitled is to have the charge enforced, which is done by the judgment directed to be entered.

Judgment affirmed on the cross-appeal and reversed on the original appeal, and cause remanded with directions to enter judgment in conformity with this opinion.