## Campbell v. Fowler et al.

(Decided June 19, 1928.)

(As Modified, on Denial of Rehearing, December 21, 1928.)

### Appeal from McCracken Circuit Court.

1. Pleading.—The allegations of a petition are controlled by the exhibits filed with it.

2. Powers.—The duration of a power of sale granted by a will or other instrument depends on donor's intention as derived from instrument itself, not by what he intended to say, but by terms actually employed.

3. Powers.—If there is ambiguity in instrument granting power of sale when considered as a whole, resort may be had to facts and circumstances for light in determining donor's intent.

4. Powers.—General rule is that powers of sale granted by a will or other instruments persist until the purposes of their creation are consummated.

5. Wills.—Where will devised testator's property to his wife for the separate use of herself and two children, with power in wife to sell, convey, or dispose of any part thereof, and to reinvest proceeds as she might deem for the best interest of the estate, held that power endured during life of wife.

6. Wills.—That estate of widow under testator's will was less than fee simple did not deprive her of power to convey fee-simple title, where will provided that she should possess such power.

7. Wills.—Where will devised testator's property to his wife for the separate use of herself and two children, with power in wife to sell and convey or dispose of any part thereof, and to reinvest

proceeds as she might deem for the best interest of the estate, held, that duration of power of sale was not modified, destroyed, or limited by subsequent provision expressing "a wish that my wife give to" each of the children as they respectively reached maturity one-third of the undisposed of estate.

8. Wills.—Where will devised testator's property to his wife, for separate use of herself and children, with power to sell or dispose thereof and to reinvest proceeds, and in subsequent section expressed wish that wife give to each child, on reaching maturity, one-third of undisposed estate, held that, in any view, conduct of beneficiaries, in acquiescing in delay in distribution under latter provision, continued wife's power of sale until testator's wish in that respect was executed.

9. Powers.—Where deed stated that source of grantor's title was testator's will, and contained covenant of general warranty, held that this was sufficient to identify conveyance as an execution of power to sell or dispose of property derived from will, and not a mere conveyance of grantor's undivided one-third interest.

10. Wills.—The construction of a will by interested parties is a circumstance in favor of a similar construction, if there is any ambiguity in instrument, but even then it is not conclusive, and it has no place where there is no ambiguity.

WHEELER & HUGHES for appellant.

C. C. GRASSHAM, EATON & BOYD and W. A. BERRY for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming. Affirming.

L. A. Fowler died testate in August, 1878, survived by his widow, Laura S. Fowler, and their two infant children, Sanders and Bertie. Bertie Fowler married John P. Campbell, and the appellant, John P. Campbell, is her only child. She died intestate after attaining the age of 21 years, and long after her death the widow, Laura S. Fowler, died.

The will of L. A. Fowler, dated July 1, 1878, contained these provisions:

"Second, I herein bequeath and devise to my beloved wife, Laura, all of my estate, both real and personal, held jointly with others and individually for the separate use of herself and my two children, Sanders and Bertie, with power in my said wife to sell and convey or dispose of any part of said property, and reinvest the same as she may deem for the best interest of the estate. . . .

"Seventh, Should either or both of the children arrive at the age of twenty-one years before the death of my wife, it is my wish that my wife pay to said children as they respectively arrive at age, an interest to each, of one-third in all of the estate undisposed of. If one of the children should die before said children arrive at the age of twenty-one years, the interest of the said child dying shall survive and go to the child living."

The will also contained an appointment of testator's wife as trustee in the management and control of funds arising from life insurance policies for the benefit of the two children, to be paid to them equally on arrival of each at the age of 21 years.

The son, Sanders A. Fowler, and the grandson, John P. Campbell, are the surviving beneficiaries of the will of L. A. Fowler.

The question now presented is the duration of the power conferred on the widow by the will of L. A. Fowler to sell and convey certain real estate devised by the will. The children were both of age in 1889. The widow made a conveyance of the parcel of land involved to Albert C. Wahl on June 17, 1926, giving her source of title as the will of L. A. Fowler, dated July 1, 1878. This action was instituted by the appellant, John P. Campbell, for a judicial sale of the land conveyed to Wahl and a division of the proceeds among the owners. It was alleged that the appellant, John P. Campbell, and the appellee Sanders A. Fowler each owned an undivided one-third interest therein, derived from the will of L. A. Fowler, and that the appellee Albert Wahl owned a like one-third interest therein derived from the deed to him by Laura S. Fowler. A demurrer was sustained to the petition as amended, and plaintiff declined to plead further, whereupon the action was dismissed. The plaintiff prosecutes this appeal.

It is argued for appellant that the power of sale conferred by the will was of limited duration, and expired by implication when the youngest child reached the age of 21 years. The power to sell and convey the land and reinvest the proceeds as she deemed best for the interest of the estate was conferred upon the widow by the second section of the will, and its duration is not thereby limited. The argument that the power ended when the youngest child arrived at the age of 21 years is deduced

from the seventh section of the will, which expressed a wish for a distribution of "all of the estate undisposed of" when the children arrived at the age of 21 years. It is also insisted that by necessary implication the power ceased when the purposes for which it was created had been accomplished. Morse v. Hackensack Savings Bank, 47 N. J. Eq. 279, 20 A. 961, 12 L. R. A. 62. That purpose, it is urged, was to vest control in the widow for the benefit of herself and children until the children were of age, when each of the beneficiaries should come into his own.

The allgations of the petition are controlled by the exhibits filed with it (Durham v. Elliott, 180 Ky. 724, 203 S. W. 539; Kaze v. Wheat, 223 Ky. 719, 4 S. W. [2d] 723), and, if we find that the power of sale conferred by the will did not terminate, it follows that the demurrer was properly sustained, and the judgment should be affirmed.

The duration of a power of sale, granted by a will or other instrument, depends upon the intention and purpose of the donor, as derived from the terms of the instrument itself The test is not what the testator intended to say, but what he meant by the terms he chose to employ. Weedon v. Power, 202 Ky. 542, 260 S. W. 385; Fidelity & Columbia Trust Co. v. Harkleroad, 224 Ky. 5-9, 5 S. W. (2d) 477; Commonwealth v. Manuel, 183 Ky. 48, 208 S. W. 327.

If an ambiguity be found in the instrument, when considered as a whole, resort may be had to the facts and circumstances for light in the solution of the problem. It is the general rule that such powers persist until the purposes of their creation are consummated. 31 Cyc. 1051.

It will be observed that the will of L. A. Fowler devised the property to his wife, Laura S. Fowler, for the separate use of *herself* and the two children, Sanders and Bertie, "with power in my said wife to sell and convey or dispose of any part" thereof, "and reinvest" the proceeds as she might "deem for the best interest of the estate." The Supreme Court of the United States, in Phelps v. Harris, 101 U. S. 370, 25 L. Ed. 855, held that the use of the words "to dispose of" property devised signified more than the mere power to sell with which the words were associated. This court adopted that construction of a similar clause in the case of Sherrill v. Ouerbacker, 182 Ky. 626, 206 S. W. 876, and held that, when a power was conferred without limitation on the mode of

its exercise, it might be exercised by deed or will, and it follows that such powers endure during the life of the donee. The soundness of the definition and the distinction was expressly assumed in the case of Knost v. Knost, 178 Ky. 267, 198 S. W. 917. See, also, Kleber v. Kleber, 67 S. W. 838, 24 Ky. Law Rep. 7; Becker v. Roth, 132 Ky. 429, 115 S. W. 761; Nelson v. Nelson, 140 Ky. 410, 131 S. W. 187. Yet the word "dispose," as used in Fowler's case, is modified by the direction of the same clause that the trustee shall reinvest the proceeds for the benefit of the estate. But, however that may be, we think other considerations control the decision of this case. The power in this instance was conferred upon the wife for her own benefit, as well as for the benefit of the two children, and it cannot be said that the purpose of the power was satisfied so long as the widow survived. The fact that the estate of the widow was less than a fee simple did not deprive her of the power to convey such a title, when it was provided in the will that she should possess it. Dorsey v. Bryan, 170 Ky. 275, 185 S. W. 845; Roby v. Herr, 194 Ky. 622, 240 S. W. 49; Bourbon Agricultural Bank & T. Co. v. Miller, 205 Ky. 297, 265 S. W. 790.

It is true that the seventh section of the will expressed "a wish that my wife pay to" each of the children as they respectively reached maturity a "one-third in all the estate undisposed of," but we do not deduce from such a precatory provision any intention to modify, destroy, or limit the duration of the power so comprehensively and positively bestowed on the widow by the preceding section of the will. Cf. Gross v. Smart, 189 Ky. 338, 224 S. W. 871; Wood v. Wood, 127 Ky. 528, 106 S. W. 226. It does not appear that the expressed wish of the testator in that respect was carried out, or that any demand therefor was ever made by the beneficiaries of the will. On the contrary, it appears that the provision was treated by the beneficiaries as optional with them, and they demanded no action pursuant thereto. The distribution was to be made by the widow, and the power endured, in any view, until the payment mentioned in the will was made. The conduct of the parties in acquiescing in the delay continued the power in effect until the wish or will of the testator was in fact executed. The power conferred upon the widow by section 2 of the will to sell and convey the property was not affected by the seventh section of the will respecting distribution until

that particular provision of the will was performed by the donee of the power. It may be that distribution of the property and termination of the power could have been compelled at any time after the children attained the age of 21 years, but it was not done, and the case must be determined in the light of that fact.

It is also urged that the deed to Albert C. Wahl was not intended as an exercise of the power conferred by the will, but only as a conveyance of the one-third undivided interest of the grantor, Laura S. Fowler. Payne v. Johnson, 95 Ky. 175, 24 S. W. 238, 609, 15 Ky. Law Rep. 522.

The deed purported to convey a boundary of land specifically described, gave the source of grantor's title as the will of L. A. Fowler, and contained a covenant of general warranty. That was plainly sufficient to identify the conveyance as an execution of all the power derived from the will of L. A. Fowler. Hankins v. Columbia Trust Co., 142 Ky. 209, 134 S. W. 498; McCormick v. Security Trust Co., 184 Ky. 25, 211 S. W. 196; Mandel v. Fidelity Trust Co., 128 Ky. 239, 107 S. W. 775, 32 Ky. Law Rep. 1104; 31 Cyc. 1122.

It is further insisted that the disposition of the property was not "for the best interest of the estate," but solely in the interest of the grantor, and for that reason was obnoxious to the purpose of the testator, and in excess of the power delimited by his will. It was for the donee of the power to reinvest the proceeds as she might "deem for the best interest of the estate," but we see no ground for the argument that the deed to Wahl was in excess of the power, or was affected by the subsequent duties of the donee. The consideration received from Wahl was for the benefit of the three parties designated by the will, and there is no allegation that it was diverted, or that it is not yet available for a proper application to the purposes of the donor of the power.

There is an allegation in an amended petition that Laura S. Fowler undertook to purchase from appellant his undivided one-third interest, and that both the donee of the power and the other beneficiary treated the interest of the children of L. A. Fowler as an undivided one-third in fee simple. The construction of the interested parties is a circumstance in favor of a similar construction, if an ambiguity be found in an instrument, but even then the fact is not conclusive (40 Cyc. 1127), and has no

place in a case where no ambiguity arises. The conduct and construction of the interested parties may be examined as an aid in clearing an ambiguity appearing in a written instrument, but it is never resorted to for the purpose of producing an ambiguity, where none exists in the instrument itself. The matters mentioned were not inconsistent with what was done by the donee, or with what we have decided in this case. 13 C. J. sec. 517, p. 546; Violett v. Violett, 217 Ky. 59, 288 S. W. 1016; Clarke v. Rogers, 159 Ky. 762, 159 S. W. 485; Hamilton v. Rathbone, 175 U. S. 421, 20 S. Ct. 155, 44 L. Ed. 219.

It is clear that the deed from Laura S. Fowler to Wahl conveyed the whole title, and the appellant must be remitted to the remedies he may have against the estate of the donee of that power for an accounting to him for his portion of the proceeds of the sale, or for any abuses by the donee of the power that may have adversely affected his interests.

The judgment is affirmed.