## Pelfrey v. Keffer.

(Decided February 8, 1929.)

ARTHUR C. JARVIS for appellant.

JOHN M. THEOBALD for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—
Affirming.

R. Q. Keffer, a resident of Carter county, Ky., departed this life March 4, 1920, after having made and published his last will and testament, by the first clause of which he devised to his wife, Elizabeth P. Keffer, all his real and personal estate for her life. By the second clause of his will he provided: "At the death of my wife, Elizabeth P. Keffer, . . . to Albert Keffer I will and devise 100 acres, including the homestead where I now live, and he is to stay with his mother her lifetime."

Albert Keffer is the appellee A. H. Keffer. On October 11, 1926, the appellant instituted this action by a petition in equity in the Carter circuit court against the appellee, wherein it is alleged that on January 15, 1925, Elizabeth P. Keffer was adjudged incompetent to transact her business, and that plaintiff was, by order of the Carter county court, appointed her committee and qualified as such; that A. H. Keffer is the son of Elizabeth P. Keffer; that by the will of R. Q. Keffer there was devised to A. H. Keffer a tract of 100 acres of land on Stinson creek in Carter county, Ky., including the homestead where R. Q. Keffer lived at the time of his death, "with the provision that defendant stay with his mother her lifetime"; that the defendant "has wholly failed to comply with the provisions in said will made and provided for, and that he immediately after the death of his father abandoned his mother and moved with his family to the State of Ohio and made no provision for his mother in any way, but left her to the mercy of others for comfort and companionship"; "that Elizabeth P. Keffer received but little personal property from her husband at the time of his death;" "that it has long since been exhausted; that ever since her husband's death, on account of her mental and physical condition and extreme old age, she has required the attendance of a nurse and must be cared for as a little child; that forty dollars per month would be a reasonable amount for the comfortable support of the said Elizabeth P. Keffer according to her station in life and standard of living in the community where she resides; that the estate of defendant is indebted to Elizabeth P. Keffer in the sum of thirty-two hundred dollars, it being forty dollars per month from March 4th, 1920, to November 4th, 1926," for which sum she prayed judgment, and that it be adjudged a lien on

the land described and the land sold in satisfaction thereof.

A general demurrer was sustained to this petition, and by amendment the plaintiff alleged that it was the intention of the testator, R. Q. Keffer, to devise the land described in the petition "to the defendant with a charge against said defendant to stay with his mother her lifetime, and be a companion to her, and to provide for her support, care and attention, and that defendant accepted this charge but has broken said provision in this, that he has left said Elizabeth P. Keffer and has failed to stay with her or to provide for her care or attention or support; that said abandonment was voluntary on his part and against the will and consent of his mother and this plaintiff."

A demurrer having been sustained to the petition as amended, the plaintiff declined to plead further, the petition was dismissed, and she has appealed.

After the appeal was taken and the record filed here, Elizabeth Keffer died, and a petition for revivor has been filed in this court wherein it is alleged that appellant was by order of the Carter county court on June 18, 1928, appointed administratrix of the estate of Elizabeth P. Keffer and had qualified as such and asking that this cause be revived in her name as such administratrix.

Thereupon appellee filed motion supported by notice to dismiss the appeal on the ground that the cause of action asserted in the petition did not survive. This motion was passed to the hearing on the merits.

It is apparent that appellant is seeking a recovery against appellee for the support and maintenance of Elizabeth P. Keffer, and to subject the land devised to him to its satisfaction. Therefore, under the judgment appealed from, the question for our consideration is the sufficiency of the petition. The cause of action asserted is founded upon the will of R. Q. Keffer, and the second clause thereof. A copy of the will was filed with and made a part of the petition, and the material allegations of the latter are set forth above; and whether these allegations as strengthened by the amendment state a cause of action must be considered in connection with the will.

The allegations of a petition are controlled by the exhibit filed with it. Durham v. Elliott, 180 Ky. 724, 203 S. W. 539; Kaze v. Wheat's Guardian, 223 Ky. 719, 4 S. W. (2d) 723. And if the will of R. Q. Keffer imposed

no charge upon the land devised to appellee for the support and maintenance of Elizabeth Keffer, it follows that the demurrer was properly sustained, and the judgment should be affirmed.

It will be noted that the only language used by the testator qualifying in any degree whatever the devise to appellee is the phrase ''and he is to stay with his mother her lifetime.'' Appellant urges that a fair and reasonable interpretation of this phrase leaves no doubt that it was testator's intention to require of appellee not only the companionship, but the care, support, and maintenance of his mother, and to support this contention relies upon the case of Hall v. Hall, 214 Ky. 596, 283 S. W. 957. The will under consideration in the Hall case devised a certain tract of land ''with this provision, however, that the said Milligan Hall is to take care of and support and clothe, furnish a home to and furnish board for my wife, Eliza Hall, so long as she shall live.'' That provision is plain, direct, and certain. No question was raised, or could reasonably have been raised, that it imposed a charge for the support of the testator's widow. The distinction between the will in that case and the will in this case is apparent when the respective provisions are considered.

It is the universally applied rule that, in the interpretation of wills, the intention of the testator, as expressed by the language he employs, is to be followed by the court, and the test is: ''What is meant by *what* he said? *Not* what he intended to say.'' Wickersham v. Wickersham, 174 Ky. 604, 192 S. W. 688; Weedon v. Power, Adm'x, 202 Ky. 542, 260 S. W. 385; Campbell v. Fowler, 226 Ky. 548, 11 S. W. (2d) 423.

Applying that test to the will in question, we cannot say that the phrase ''and he is to stay with his mother her lifetime'' imposes a charge upon the devise to appellee for the care, support, and maintenance of his mother. At most, it is a precatory phrase importing the wish, desire, request, or hope of the testator that the appellee stay on the home farm with his mother during the remainder of her life; but it impresses no trust and imposes no charge upon the estate devised to appellee at his mother's death. And while it has been said that ''the wish of a testator, like the request of a sovereign, is equivalent to a command,'' we apprehend that something more than a mere wish or request that a devisee ''stay with his mother her lifetime'' must be expressed by a

testator in order to impose on a devise a charge which a court can enforce; in other words, in order to impose a charge, its purpose must be expressed in such terms as that its violation or breach will result in a pecuniary loss or damage that can be measured by some standard. The phrase in question is couched in no such terms. Conceding, as does the demurrer to the petition, that appellee violated the provision in question and refused to stay with his mother her lifetime, the breach consisted only in withholding from her appellee's society and companionship upon which, in the very nature of things, it is not possible to set a pecuniary valuation.

Considering the allegations of the petition and amended petition, in the light afforded by the will, we are of opinion no cause of action is stated therein, and that the demurrer was propertly sustained.

Wherefore the judgment is affirmed.