## Casebolt v. Keel's Administrator.

(Decided November 17, 1931.)

ALEX L. RATLIFF for appellant.

JOHNSON & HINTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Ella R. Keel, a resident of Pike county, died leaving a will appointing Fonso Wright as her executor. Wright qualified, and as such executor conveyed to S. B. Casebolt a house and lot located in the city of Pikeville. The consideration for the conveyance was $4,000, of which $1,000 was paid in cash, and two notes of $1,500 each executed for the balance. Thereafter the First National Bank of Pikeville, which had been appointed and had qualified as administrator with the will annexed, brought suit to recover on the $1,500 note which matured on January 6, 1929. Casebolt filed an answer, counterclaim, and cross-petition pleading in substance that Fonso Wright, the executor, was without authority to make the conveyance, and asking that the notes given for the purchase price be canceled, and that he recover the cash payment, together with interest. A demurrer was sustained to this pleading, and Casebolt having declined to plead further, judgment was rendered in favor of plaintiff. Casebolt appeals.

After certain provisions not material, the will concludes as follows:

"4. I hereby appoint Fonso Wright of Pikeville, Ky., my executor to carry out the provisions of this will & request the Court to appoint him my executor to administer my estate & I hereby appoint, authorize & empower my said executor to sell any real estate he may deem necessary in order to procure sufficient money to enable him to provide for my beneficiaries above named or if in his judgment it is to the best interest of the estate to sell any or all real estate he is hereby empowered so to do."

This provision confers on the executor not only the express power to sell any real estate he may deem necessary in order to procure sufficient money to enable him to provide for the beneficiaries named in the will, but also the express power to sell any or all real estate, if in his judgment it is to the best interest of the estate. It would be difficult to employ stronger language. In the first power he is made the judge of the necessity, while in the second power he is made the judge of whether a sale is to the best interest of the estate. In the circumstances it is immaterial under which power the sale in question was made. In either event the sale was authorized by

the will, and Casebolt, the purchaser, acquired a good title. Campbell v. Fowler, 226 Ky. 548, 11 S. W. (2d) 423. It follows that the answer, counterclaim, and cross-petition presented no defense, nor right to affirmative relief, and that the demurrer thereto was properly sustained.

Judgment affirmed.