## Lehfart v. Scharre, et al.

(Decided May 30, 1911.)

### Appeal from Jefferson Circuit Court

Wills—Construction of—One clause of a will gave to the wife certain property, with the power of disposition; in another clause it was provided that in the event of her marriage she should only have a life estate and no right to dispose of the property; Held: that the wife took the fee, subject to be defeated by her marriage.

ZIMMERMAN & KREIGER, for appellant.

E. L. McDONALD for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Herman Lockner in his last will, after making several specific devises, provided in clauses five, six and seven as follows:

"5. The rest and residue of my entire estate, both real and personal, I give and bequeath to my wife, Maria Eva, with full power to sell and convey the same or any part thereof, and her deed shall pass a fee simple title and the purchaser is not required to look to the application of the purchase money, and she may dispose of my property by will.

"6. If my wife should marry again, then in that event her right to sell and convey my real or personal estate or dispose of the same by will shall cease and she shall only have a life estate.

"7. I appoint my wife, Maria Eva, as executrix of this my last will and testament, without bond or security, with full power on her part as executrix to sell and convey any and all of my real or personal estate for re-investment or otherwise, and her deed as executrix shall pass a fee simple title, and the purchaser is not required to look to the application of the purchase money."

The widow of Lockner died, without having re-married, and the only question presented for decision is, did the will invest her with the fee subject to be defeated if she should marry, or, did she take only a life estate.

Reading clauses five, six and seven together, and gathering from them the intention of the testator, we

think his purpose was to invest her with the fee in the event she did not marry. There can be no doubt that under clause five, considered alone, she took the fee, and clause six clearly indicates that the testator only intended to limit her to a life estate in the event that she married. The power of disposition conferred in clause seven refers to the contingency of his widow marrying. If she married she had the right to dispose of the estate as executrix, but for re-investment only, as, in the event of her marriage she only took a life estate. The will is rather awkwardly written, but it seems the testator did not intend to put any limitation upon the title of the widow or her power of disposition unless she married. It also appears that in the event she married, he wanted her to have the right to sell and convey the property, but only for re-investment. There are no words indicating a purpose on the part of the testator to limit the estate given to the widow by the fifth clause, except in the contingency of her marriage.

Wherefore, the judgment of the lower court holding that the widow took the fee is affirmed.