## Virginia Iron, Coal & Coke Company v. Combs.

(Decided June 15, 1915.)

Appeal from Perry Circuit Court.

1. Deeds—Description—Ambiguity — Parol Evidence. — Where the description in a deed is so general that it may cover two or more tracts of land, the ambiguity is latent and parol evidence is admissible to show which of the tracts was meant.

2. Quieting Title—Proof—Burden.—Where a party asserts title under a deed, the burden is on him to show that the deed covers the land in controversy.

3. Quieting Title—Evidence—Finding of Chancellor.—In an action to quiet title, evidence examined and held to sustain a finding in favor of plaintiff.

WOOTTON & MORGAN for appellant.

MILLER & WHEELER and HOGG & JOHNSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is an action by plaintiff, James P. Combs, against defendant, Virginia Iron, Coal & Coke Company, to quiet his title to the oils, gases and mineral products underlying a tract of land situated at the mouth of the North Fork of the Kentucky River. From a judgment in favor of plaintiff the defendant appeals.

Plaintiff and defendant both claim title from a common grantor, Clinton Combs, the father of plaintiff. Plaintiff's title is as follows: His father, Clinton Combs, conveyed the land in controversy to James P. Combs, Cooley Combs, and Mason Combs, in the year 1892. James P. Combs subsequently purchased the interests of his two brothers, Mason and Cooley Combs, by deeds which he duly placed on record. Defendant claims un-

der a deed, dated July 20th, 1887, executed by Clinton Combs and his wife to T. P. Trigg, trustee. This deed conveys all the oil, coal and other minerals, "lying, being upon, and under our lands, in the County of Perry and State of Kentucky, and described as follows: On the waters of the North Fork Ky. River adjoining the lands of Eli Hall, Robert Brashear, containing seven hundred and ninety-one acres, surveyed by Clinton Combs and patented to him." The title acquired by this deed was subsequently conveyed to the defendant.

Briefly stated, the evidence is as follows: Plaintiff testified that the land in controversy was the home farm of his father, upon which his father had lived ever since he was first married. His father was 97 years of age at his death in 1900. The land in controversy was not surveyed by or patented in the name of his father. The land did not adjoin the lands of Eli Hall and Robert Brashear, but at that time lay about 2 miles from Hall's land and about a mile from Brashear's land. He also introduced in evidence five patents to lands lying on the North Fork of the Kentucky River. These patents were all in his father's name. Each one of these patents adjoined the lands of Eli Hall and Robert Brashear and none of them covered the land in controversy. D. Y. Combs testified that the patented land adjoined the lands of Eli Hall and Robert Brashear. He further stated tha t Eli Hall's farm in 1887 was about 2 miles distant from the home farm of Clinton Combs. Felix Brashear, son of Robert S. Brashear, testified that his father's land extended to the top of the ridge between the Kentucky River and Carr's Fork and that he knew of no other land lying between his father's land and the Clinton Combs land. However, on being asked if the boundary of the land claimed by plaintiff adjoined the land of Robert S. Brashear or Eli Hall, witness answered as follows: "It don't join in any place that I know of; I won't say whether it does or not, I don't know." The testimony of James J. Brashear, another witness for defendant, is indefinite and has but very little bearing on the case. Mr. Morgan, an attorney for defendant, testified that he assisted in abstracting defendant's title in Perry County. He found that the only land owned by Clinton Combs in the year 1887 was his home farm.

As plaintiff's deeds were shown to cover the land in controversy, the burden was on the defendant to prove

that the minerals were conveyed by the deed to Trigg, trustee. It is the rule in this State that where the description of the land conveyed is couched in such general terms that it will cover two or more tracts of land, the ambiguity is a latent one and parol evidence is admissible to show which of the tracts was meant. In the deed from Clinton Combs to Trigg, trustee, the land is not accurately described. The essential elements of the description are: (1) The land lay on the North Fork of the Kentucky River; (2) it adjoins the lands of Eli Hall and Robert Brashear; (3) it contains 791 acres; (4) it was surveyed by Clinton Combs and patented to him. Neither plaintiff nor defendant went to the trouble of having the patents issued to Clinton Combs surveyed, located or platted. Plaintiff swears that the lands described in the Trigg deed do not adjoin the lands of Eli Hall or Robert Brashear and are not covered by any patent issued to his father, Clinton Combs. While defendant introduced some evidence tending to show that the land did adjoin the lands of Eli Hall and Robert Brashear, it introduced no satisfactory evidence to the effect that the patents to Clinton Combs cover the land in controversy. In view of the positive statements of plaintiff and of the unsatisfactory evidence to the contrary, it is clear that defendant failed to discharge the burden of showing that the land in dispute is covered by the Trigg deed, upon which its sole right to the minerals depends. That being true, we see no reason to disturb the judgment of the chancellor.

Judgment affirmed.