## Hanna C. Violett's Administrator, et al. v. William Violett, et al.

(Decided December 7, 1926.)

### Appeal from Owen Circuit Court.

1. Charities—Residuary Devise to Orphans' Homes in Kentucky Held Not Void for Uncertainty.—Residuary clause making devise of what money testatrix had left, after making other devises, to orphans' homes in Kentucky held not void for uncertainty.

2. Charities—Residuary Devise to Orphans' Homes Held Not Void Because of Difficulty in Ascertaining Homes.—Residuary clause making devise to orphans' homes in Kentucky held not void for uncertainty because of difficulty in ascertaining orphans' homes in the state.

3. Charities—Extrinsic Testimony that Residuary Devise to Orphans' Homes of Kentucky was to Particular Home Held Inadmissible.—Where will made residuary devise to orphans' homes in Kentucky, extrinsic evidence to show that testatrix intended devise to be made to particular orphans' home held inadmissible.

4. Wills—Extrinsic Testimony to Show Testator's Different Intention is Inadmissible where There is no Ambiguity in Will.—Where there is no ambiguity arising from language of will as to subject or objects of devise, extrinsic testimony is not admissible to show intention of testator to refer to a different object than one named in will.

J. W. CAMMACK and TURNER & TURNER for appellants.

M. L. MARSHALL for appellees.

Opinion of the Court by Chief Justice Thomas—
Affirming.

The sole question involved in this appeal is the va-
lidity of the residuary clause of the will of Hanna Christie
Violett, which was holographic and written and sub-
scribed by her on August 27, 1920, she having died in
April, 1924, a resident of Owen county, following which
her will was duly probated by the county court of that
county. Testatrix had no children and left surviving her
no heirs or distributees, except her husband, and some
nieces and nephews, who were the surviving children of a
deceased sister. She made some special devises to them
and other persons, and then wrote the residuary clause
in contest, which is in these words: "Then what money is
left I want it to go to the orphans' homes of Kentucky."

By an amended petition the Louisville Baptist Or-
phans' Home was made a party and it filed its separate
answer and alleged that the testatrix when she made her
will had it in mind and, therefore, intended for *it* to re-
ceive the residuary portion of her estate disposed of by
the residuary clause of her will. The depositions of two
members of the local Baptist congregation at Campbells-
burg, Kentucky, where testatrix resided, were taken, and
they proved that testatrix was a devout member of that
congregation and that she had stated prior to her death
and about the time the will was written that she intended
to devise her property to the Baptist Orphans' Home.
Upon submission of the cause the court adjudged "That
there is no ambiguity in the will of Hanna Christie Vio-
lett, and that the administrator with the will annexed
shall pay the residue of the estate of said Hanna Christie
Violett, to all of the existing orphans' homes of the state
of Kentucky at the date of death of testatrix, to-wit,
April, 1924," and to reverse that judgment plaintiffs,
composed of the administrator with the will annexed and
the nieces and nephews of testatrix, prosecute this ap-
peal.

It is insisted that the inserted residuary clause is
void for uncertainty and for that reason it should be held
that the testatrix died intestate as to all the property to
which it applied, but we cannot agree with that conten-
tion. It will be observed that there is no intricate ques-
tion here as to the uncertainty of beneficiaries in a char-
itable trust, nor any uncertainty as to the trustees or ad-

ministrators of the trust, such as was involved in the cases of Kratz v. Slaughter's Executor, 185 Ky. 256; Goldberg v. Home Missions of the Presbyterian Church in the United States, 197 Ky. 724; State Bank & Trust Company v. Patridge, 198 Ky. 403, and other like ones. Nor is there any indefiniteness as to the object and purposes of the devise. We are, therefore, relieved of the task of discussing any such questions, or of determining the applicable law to the facts presenting any such questions for the manifest reason that there exist here no such facts. The involved language is short, pointed and unambiguous. It specifically and clearly designates the objects of the devise, which are: "The orphans' homes of Kentucky," be they few or many. The beneficiaries of the charity are the occupants of those homes. Each of such homes within the state at the time of the death of the testatrix at once became vested with its *pro rata* share of the total devise, be it small or large; and being the administrator or trustee of its portion of the devise it was and is its duty to use it for the benefit of its beneficiaries who are the inmates of that particular home.

Nothing appears in the language of the testatrix in framing her residuary clause, nor in any other part of the will, to indicate that the shares of each orphans' home should be measured by the number of occupants, or that the division should be made in any other manner than equally among all orphans' homes in the Commonwealth, and the only fact, therefore, furnishing any support for the argument that the devise here is invalid for uncertainty does not arise because of any ambiguity in the will itself, but on the collateral facts that there are an indefinite number of orphans' homes in the Commonwealth and the consequent difficulty in ascertaining them; but we are cited to no case, nor have we been able to find one, where such an objection rendered the will invalid on the ground of indefiniteness. Suppose, by way of illustration, that a testator should devise his property equally and *per capita* among all of his surviving children, grandchildren and great-grandchildren, could it be successfully contended that the devise was void because there was a large number of devisees composing the designated classes and they were scattered over a broad territory and difficult of location? We think not, and the instant case differs in nowise from the supposed one. We, there-

fore, conclude that the contention of appellants is without merit and can not be sustained.

We also concur in the judgment of the trial court that this is not a case wherein extrinsic testimony is admissible for the purpose of ascertaining the intention of the testatrix. Such testimony is never admissible except to explain certain classes of indefinite expressions contained in the will, as will be seen by a reference to the cases of Eichorn v. Morat, 175 Ky. 80; Parrott v. Crosby, 179 Ky. 658, and others cited in those opinions; or to remove a latent ambiguity, as is shown in the cases of Mitchell v. Walker, 17 B. M. 66; Day v. Asher, 141 Ky. 468, and Virginia I. C. & C. Co. v. Combs, 165 Ky. 456. Since, therefore, there is no ambiguity in the residuary clause here involved, we need not enter into a discussion of the established rules as to when such testimony may or may not be heard, for it is a universal principle that where there is no ambiguity arising from the language of the will as to the subjects of devise, or the objects thereof, extrinsic testimony is not admissible for the purpose of showing that it was the intention of the testator to refer to a different object than the one named in the will, or to point out a particular member or members of a class mentioned in the will as the one or ones exclusively intended by the testator as his beneficiaries.

It is, therefore, clear that the judgment appealed from was and is proper, and it is affirmed.