## Giltner's Trustee et al. v. Talbott et al.

(Decided March 20, 1934.)

FOWLER, WALLACE & FOWLER, W. T. FOWLER and C. A. McMILLAN for appellants.

RAYMOND CONNELL for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal presents for interpretation the wills of Isabella Barnes and Ann I. Giltner.

So much of Mrs. Barnes' will as necessary and required to be considered reads:

"I give and bequeath all my property of whatsoever description to the following children of my deceased sister, Grace Ann Collins viz. Ann Isabella Giltner, Ella Collins and Hilton Collins, to be equally divided between them, and in case either of them die without issue of their bodies, the portion of such one dying to be equally divided between the survivors, excepting that the sum of two thousand dollars which I will and devise to my brother, Edwin V. Thompson, in trust for my said sister's daughter, Augusta Collins, to be invested in the best manner he sees proper, and he is to pay her the interest and income arising therefrom, and in event of her death without issue of her body, the

same is to be divided as provided for the rest of my estate, and if she die with issue, then the said sum is to be. equally divided between her said issue."
In that of Mrs. Giltner it is written:

"I devise to my daughter, Grace G. Talbott, all my real estate in trust for the following purposes, to-wit: that she shall rent out all of said real estate so as to make the same most productive of income, and out of the income of same she shall pay all taxes, assessments and insurance, and keep same in such repair as she, in her discretion, may deem proper. And out of the net income, after the payment of the aforesaid charges, she shall pay one-half thereof to my son, William Giltner, during his life, which income shall be free from any debts he may now or may hereafter owe, and the other one-half of said net income I devise to my daughter, Grace G. Talbott."

In an action in the Jefferson circuit court, a judgment was entered in November, 1886, partitioning the property of Mrs. Barnes between Mrs. Thompson and Mrs. Giltner, by which the 52 acres of land, here involved, and certain personal property, were allotted to Mrs. Ann I. Giltner. The Fidelity Trust & Safety Vault Company, as trustee of Mrs. Ann I. Giltner, was directed to execute and deliver, by the commissioner of the court, a deed of release and quitclaim the land respectively awarded to Mrs. Giltner and Mrs. Thompson.

At the death of Mrs. Ann I. Giltner, the title to the 52 acres was still in the trustee. The Fidelity & Columbia Trust Company succeeded in the office of trustee, the Fidelity Trust & Safety Vault Company; then Henry Giltner succeeded it and assumed the duties of trustee. The Fidelity & Columbia Trust Company was directed by an order to convey, as trustee, the 52 acres to Henry Giltner, as trustee. No deed has been found, if it was ever executed in obedience to the order, evidencing the transfer of the title from the one trustee to the other. Henry Giltner died without making any settlement of the trust estate. Mrs. Ann I. Giltner, after executing and publishing her will, died, leaving surviving her a son and daughter, W. H. Giltner and Grace Giltner Talbott, to whom she devised "all her real estate" by the clause of the will we have quoted above.

The Guaranty Bank & Trust Company, Lexington,

Ky., by an order of the Jefferson circuit court, chancery division, entered on March 16, 1929, was appointed and qualified by executing bond and taking the oath, trustee under the will of Mrs. Barnes, as it concerns Ann I. Giltner. It filed this action, charging Henry Giltner converted into cash the securities awarded by the order of the court to Ann I. Giltner and invested the same in two tracts of land in Bourbon county; these tracts and the 52 acres, together with the $1,000 note of Ann I. Giltner to Mrs. Barnes, were trust property at the death of Ann I. Giltner and passed under the will of Mrs. Barnes to W. H. Giltner and Grace Giltner Talbott, and not under the will of Ann I. Giltner.

It is argued Ann I. Giltner at no time held title or possession of the 52 acres, and the two tracts acquired by the proceeds of the estate of Mrs. Barnes constituted a part of the trust estate created by her will and devised to Ann I. Giltner. Also it is argued "Ann I. Giltner always considered and treated the Isabella Barnes property as a trust estate and kept it separate from her own property and considered at her death the title of this trust property would pass to her children under the Isabella Barnes will, if they survived her and in the event neither of them survived her, then all of said property would go to Ella Thompson and Hilton Collins, or the survivor. * * * The matter had been discussed freely in the family, attorneys had been solicited and a contemporaneous construction had been established and followed for a long period of time. See the deposition of William H. Giltner, also the testimony of the appellee, Grace Giltner Talbott. * * * Ann I. Giltner, in her will, disposes of her real estate, leaves her personal property to pass by inheritance. Such a provision in the will overcomes the presumption against partial intestacy, so that question is eliminated from consideration. It appears that she was seized and possessed of the two tracts of land and certain houses and lots, situated in Bourbon County, at the time of her death. She disposed of this in her will under the general term 'of all my real estate,' evidently means that all of the real estate of which 'I may be seized and possessed at the time of my death.' At most her interest in the Barnes real estate was prospective. It cannot be said that she was seized or possessed of the 52 acres. There was a probability of possession—a mere right to inherit conferred by will. This right was liable to be defeated by her dying without leaving living issue,

and/or if she had no issue, it should be defeated, unless she survived the other devisees. Such a right would not pass under a clause in a will devising 'all of my real estate.' Such a right cannot be termed real estate or interest in real estate. It may be that such a right could be devised by will by the use of apt terms, but it certainly cannot be argued that such a right or interest would pass under the term 'real estate.' "

In Collins et al. v. Thompson et al., 43 S. W. 227, 19 Ky. Law Rep. 1194, the will of Mrs. Barnes was construed as between Mrs. Ella Thompson, Ann I. Giltner, and Hilton Collins. It was at that time the contention of Mrs. Thompson the contingency upon which the devise was made to her by Mrs. Barnes was made certain upon the death of the testator, Mrs. Thompson then being alive. Mrs. Giltner and Collins urged that they and Mrs. Thompson, under the will of Mrs. Barnes, only took a defeasible fee, and, in the event Mrs. Thompson should die without issue of her body, the property so devised to her would revert to the other devisees. We concurred in the construction of the will as contended for by Mrs. Giltner and Collins, and held the devisees under the will of Mrs. Barnes were the owners in fee of the property devised, subject to be defeated by the death of the devisees without issue.

If the construction of the will of Mrs. Barnes was one of first impression in the light of its own language, it is not doubtful our construction of it in Collins v. Thompson was correct. Walker v. Walker's Adm'r, 239 Ky. 501, 39 S. W. (2d) 970; Wills v. Wills, 85 Ky. 492, 3 S. W. 900, 9 Ky. Law Rep. 76; Lehfart v. Scharre et al., 143 Ky. 849, 137 S. W. 775; Crozier et al. v. Cundall et al., 99 Ky. 202, 35 S. W. 546, 18 Ky. Law Rep. 116; Carroll v. Carroll's Ex'r, 248 Ky. 386, 58 S. W. (2d) 670, and cases cited. The language of the whole will plainly devised to Mrs. Ann I. Giltner a qualified or defeasible fee. The language of the will of Mrs. Ann I. Giltner may not be used as an aid to the construction of the will of Mrs. Barnes. A demurrer was sustained to the petition, the effect of which was that the will of Mrs. Barnes vested in Mrs. Ann I. Giltner a defeasible fee, subject to be defeated only if she died without issue. The trustee under the will of Mrs. Barnes is not concerned in an interpretation of the will of Mrs. Ann I. Giltner, and the sustaining of the demurrer to the petition, as amended, was equivalent to a declaration by the

court that the trustee under the will of Mrs. Barnes had no interest, and was not concerned, in the interpretation of the will of Mrs. Giltner.

"A defeasible fee is where the devisee becomes invested with a fee simple title, subject to be defeated upon the happening of some contingency provided by the will." Wills v. Wills, supra. The argument that a defeasible fee may not be devised, and that the language of the will of Mrs. Giltner devising "all real estate" is not adequate for the purpose of passing title to a defeasible fee, is so illogical and fallacious it bears its own refutation.

The Guaranty Bank & Trust Company, as trustee, and W. H. Giltner urge that, to determine the kind of estate devised to Mrs. Giltner by the will of Mrs. Barnes, the testimony of the witnesses in their behalf should be considered. The character of the estate devised to Mrs. Giltner must be ascertained and determined from the language within the four corners of the will of Mrs. Barnes, without the aid of extrinsic evidence. Jackson v. Payne's Ex'rs, 2 Metc. 567; Marshall v. Kent, 210 Ky. 654, 276 S. W. 563; Violett's Adm'r v. Violett, 217 Ky. 59, 288 S. W. 1016; Fidelity & Columbia Trust Co. v. Harkleroad, 224 Ky. 56, 5 S. W. (2d) 477. Nor will evidence be considered on a demurrer to a petition or other pleading. Arnett v. Elkhorn Coal Corp., 191 Ky. 706, 231 S. W. 219. This is sufficient reason for not considering the evidence taken in behalf of Mrs. Giltner's trustee.

As to the $1,000 note of Mrs. Giltner to Mrs. Barnes, under the will of Mrs. Barnes and the judgment of the court allotting the note to her, she became the holder thereof subject to the contingency named in Mrs. Barnes' will, and, on her death, her children, under the statutes of descent and distribution (Ky. Stats. sec. 1393 et seq.), became the owners of it, unaffected by the trust created by the will of Mrs. Barnes. Carroll v. Carroll's Ex'r, supra. A fortiori the title to the two tracts of land, in which it is alleged the proceeds of the other personal property devised by the will of Mrs. Barnes to Ann I. Giltner, was invested during the life of Mrs. Giltner, and her death, leaving living issue, became absolute and vested in her son and daughter under her will.

The judgment of the chancellor being in harmony with our views, it is affirmed.