**THORNHILL BAPTIST CHURCH et al.,**
**Appellants,**

**v.**

**A. C. SMITHER et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 10, 1954.

Marion Rider, Frankfort, for appellants.

Clyde E. Reed, Frankfort, for appellees.

MONTGOMERY, Justice.

This is an appeal from a judgment of the Franklin Circuit Court construing the will of Urban V. Sargent, deceased, adjudging appellees to be the owners in fee simple of lots Nos. 121 and 122 in Thornhill Park Subdivision, and decreeing specific performance by appellants of a contract for the purchase of said lots. The appellants' grounds for reversal are: (1) the description of the property devised is definite, and the courts must accept and give effect to the language used; (2) the language used contains no latent ambiguity, and extrinsic evidence was not admissible

to determine the intent of the testator; and (3) any ambiguity in the language used was patent on the face of the instrument.

Urban V. Sargent was married and had two children, a son, Harry Church Sargent, and a daughter, Mrs. Emma Sargent Smither. Shortly after World War I, his wife died and he never remarried. Harry Church Sargent predeceased his father, being then unmarried and without issue. On February 24, 1926, Urban purchased two lots, Nos. 121 and 122, in the Thornhill Park Subdivision and received a deed therefor from Henry H. Roberts and his wife, Anna K. Roberts. The deed is recorded in deed book 74, page 418, Franklin County court clerk's office. Urban V. Sargent died testate March 18, 1941. His will, dated March 20, 1929, after having been duly proven, was admitted to probate by the Franklin County court by an order entered April 7, 1941. In the second clause of his will, Mr. Sargent devised his two lots to his daughter, Emma Sargent Smither, which reads as follows:

"I give, bequeath and devise to my daughter, Mrs. Emma Smither, in fee, my house and the personal property contained therein, and lots Nos. 1 and 2 in Thorn Hill Park on Owenton Pike and Dailey Ave."

On November 27, 1943, Emma Sargent Smither died intestate, leaving surviving her as her next of kin and heirs-at-law her husband, A. C. Smither, Sr., who has since remarried, his present wife being Eva Mae Smither; her children, A. C. Smither, Jr., Frances Smither Hockensmith, Lucy Jane Smither Thomas, Zach Smither, U. V. Smither, Robert Smither, all of whom are adults more than twenty-one years of age, and her son, Albert Smither, and daughter, Ann Taylor Smither, infants more than fourteen years of age.

On February 24, 1954, A. C. Smither, Sr., individually and as guardian of Albert Smither and Ann Taylor Smither, together with the other children, entered into a written contract with the Thornhill Baptist Church and its trustees to sell and convey to the Thornhill Baptist Church lots Nos.

121 and 122 for the consideration of $18,-000.

The Thornhill Baptist Church now contends that the sellers cannot convey good title because the will of Urban V. Sargent bequeathed and devised lots Nos. 1 and 2 on Owenton Pike and Dailey Avenue, when in fact lots Nos. 1 and 2 are on Noel Avenue and Grand Avenue of the Thornhill Park Subdivision and were never owned at any time by Urban V. Sargent. Lots Nos. 121 and 122 are located on Owenton Pike and Dailey Avenue.

A. C. Smither, Sr., and all the heirs-at-law of Emma Sargent Smither instituted this action against the Thornhill Baptist Church and its trustees, and joining as party defendants Albert Smither and Ann Taylor Smither, infants more than fourteen years of age, for the construction of Urban V. Sargent's will and specific performance of the contract.

The question for our determination is whether under the will of Urban V. Sargent, Emma Sargent Smither took fee simple title to lots Nos. 121 and 122 under a devise to her of lots Nos. 1 and 2 on Owenton Pike and Dailey Avenue.

■ In grounds 1, 2, and 3 for reversal, appellants contend that in construing a will the courts must give a fair interpretation of the words and language used, and the courts cannot resort to extrinsic evidence to eliminate the ambiguity that has arisen. This contention is incorrect if the ambiguity is latent rather than patent.

■ The question now arises: Is there a latent ambiguity in the second paragraph of this will? In Carroll v. Cave Hill Cemetery Co., 172 Ky. 204, 189 S.W. 186, 190, this Court said:

"* * * A latent ambiguity is one which does not appear upon the face of the words used, and it is not known to exist until the words are brought in contact with the collateral facts. * * *"

See also Williams v. Williams, 182 Ky. 738, 207 S.W. 468; and Hurst v. Standard Oil Co., 308 Ky. 779, 215 S.W.2d 962.

From a reading of the paragraph, no ambiguity appears. The ambiguity becomes apparent only when the will is sought to be applied to the property of the decedent.

■ Then we are faced with the proposition: Is extrinsic evidence admissible to explain a latent ambiguity in a will? In Tarr v. Tarr's Ex'r, 259 Ky. 638, 82 S.W. 2d 810, 811, this Court said:

"Learned counsel first argue that the court erred in permitting the introduction of parol testimony as an aid in construing the involved sections of the will under consideration, and their industry, with the exercise of a like quality on the part of opposing counsel, has caused them to direct our attention to practically every case that has come before this court in which the question was involved, some of the latest of which are Eichhorn v. Morat, 175 Ky. 80, 193 S.W. 1013, Williams v. Williams, 182 Ky. 738, 207 S.W. 468, Noel v. Jones, 185 Ky. 835, 216 S.W. 98, Marquette v. Marquette's Ex'rs, 190 Ky. 182, 227 S.W. 157, Violett's Adm'r v. Violett, 217 Ky. 59, 288 S.W. 1016, and P'Simer v. Steele, 106 S.W. 851, 32 Ky.Law Rep. 647. A great many others are cited by counsel, but they all announce, approve, and apply the same principle, which is, that where the language of a will or other writing referring to or describing property is plain and not indefinite and free from latent ambiguity, parol testimony is not admissible for the purpose of attaching a different significance to it than what is plainly expressed in the writing; but on the other hand, when the descriptive terms of the property devised are such that when applied to the facts of the case an ambiguity is created whereby it becomes doubtful as to what property was intended by the executor of the paper to be embraced by the term

or terms he employed, then parol testimony, whereby the court may be put into the possession of the facts, is admissible in order for it to view the situation through the same spectacles as did testator when he wrote, dictated, or prepared his will."

In reading clause two of Mr. Sargent's will, we find that he accurately described two lots on Owenton Pike and Dailey Avenue. Furthermore, we find from reading the record that it is admitted that Mr. Sargent never owned lots Nos. 1 and 2 in Thornhill Park, but did own lots Nos. 121 and 122 located at Owenton Pike and Dailey Avenue. Therefore, the evidence shows that Mr. Sargent, through error, had lots Nos. 1 and 2 written in, in place of lots Nos. 121 and 122, and that lots Nos. 121 and 122 were the property intended to be devised by clause two of his will.

The judgment is affirmed.