## White, et al. v. Greenway

(Decided June 2, 1925.)

### Appeal from Madison Circuit Court

Wills—Construction—Action to Construe—Practice.—Where in an action to construe two wills, an appeal was taken from a judgment overruling a demurrer to a reply, and construing the wills

and on appeal the judgment was reversed on the express language of the wills and the cause remanded for a judgment pursuant to the opinion, a rejoinder was properly refused to be filed, and judgment was properly entered in the circuit court pursuant to the mandate, the facts alleged in the rejoinder constituting no ground for giving the wills a different construction from that given them by this court.

JOHN NOLAND and BENTON & DAVIS for appellants.

GRANT E. LILLY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

In this action to determine the proper construction and effect of the wills of William M. Irvine and his wife, Elizabeth S. Irvine, the circuit court sustained the demurrer of David Irvine White to the reply of William Irvine Greenway and entered judgment in favor of White for the 200 acres of land in controversy. Greenway appealed to this court. This court without noticing the reply or the demurrer to it, and considering only the wills in controversy, held that the land passed to William Irvine Greenway under the residuary clause of Mrs. Irvine's will, and reversed the judgment below with directions to enter a judgment in conformity with the opinion, Greenway v. White, 196 Ky. 745.

On the filing of the mandate in the circut court David Irvine White tendered and offered to file a rejoinder to the reply, controverting its allegations and pleading certain matters in avoidance. The circuit court refused to allow the rejoinder to be filed and entered judgment pursuant to the mandate. White appeals.

In the opinion of this court no reference is made to the reply or the demurrer to it. The wills are quoted and the opinion rests upon the ground that under the proper construction of the wills William Irvine Greenway takes the property. The opinion is also reported in 32 A. L. A. 1385, with an extensive note collecting the authorities on the question. The head notes in that and other publications of the opinion correctly show that the opinion rests upon the language of the two wills. It does not rest upon the extrinsic facts stated in the reply. The demurrer to the reply was not noticed in the opinion. If the rejoinder had been filed and the case had come here on a demurrer to the rejoinder the result

would have been precisely the same, for the opinion does not turn on the extrinsic facts relied on. It rests upon the language of the wills. Only a question of law is presented by the record and that question of law is in nowise affected by the existence or nonexistence of any of the facts alleged or denied in the rejoinder appellant proposed to file.

Judgment affirmed.