# Greenway et al. v. Irvine.

(Decided September 30, 1930.)

GRANT E. LILLY for appellants.

BURNAM & GREENLEAF for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The heirs of William Irvine Greenway presented a preferred claim against the estate of Elizabeth S. Irvine, which was disallowed by the circuit court; hence this appeal, presenting a further controversy arising from the wills of William M. Irvine and Elizabeth S. Irvine, familiar to this court from the history of previous litigation. Greenway v. White, 196 Ky. 745, 246 S. W. 137, 32 A. L. R. 1385; White v. Greenway, 209 Ky. 368, 272 S. W. 920; Irvine v. Greenway, 220 Ky. 388, 295 S. W. 445; Walker v. Irvine, 225 Ky. 699, 9 S. W. (2d) 1020; Greenway v. Irvine, 234 Ky. 597, 28 S. W. (2d) 769.

William M. Irvine, by his will, provided that $5,000 of his estate be put in trust to provide a home for his half-brother, John S. Harris. He also provided that 20 shares of stock of the First National Bank of Richmond, Ky., be held in the same manner and for the same end. The will provided further that, at the death of John S. Harris, the bank stock should belong to William Irvine Greenway. Every provision of the will, however, except the legacies to John S. Harris, was made subject to the approval, alteration, or change in whole or in part of the testator's wife, Elizabeth S. Irvine. The legacies to John S. Harris were required to be paid at the death of Elizabeth S. Irvine.

John S. Harris predeceased Elizabeth S. Irvine. The bank in which the stock was held was liquidated, and the stock involved on this appeal realized about $3,000, which was paid to Elizabeth S. Irvine. By her will,

Elizabeth S. Irvine disposed of everything within her control, and made William Irvine Greenway her residuary legatee, as her husband also had done by his will.

William Irvine Greenway died, and his heirs made claim against the estate of Elizabeth S. Irvine for the value of the bank stock on the theory that Mrs. Irvine had converted it to her own use, and thus became liable to the heirs for the value of the remainder interest of the ancestor, which constituted a preferred claim, under section 3868, Ky. Stats.

It is argued for the appellants that the power of Elizabeth S. Irvine to revoke or change the remainder interests devised to William Irvine Greenway was forbidden by her husband's will. The argument proceeds upon the assumption that the exception of the legacies to John S. Harris from the power conferred upon Elizabeth S. Irvine related to the property itself, and not merely to the estate therein bequeathed to John S. Harris; but, if found to be wrong in the first contention, it is then insisted that Elizabeth S. Irvine did not in fact change or revoke the will of her husband in respect of the remainder estate in the bank stock. Although the will of Elizabeth S. Irvine does not mention the 20 shares of bank stock, which by liquidation of the bank, had been converted into cash, yet she did dispose of the entire estate. By virtue of the residuary clause of her will, William Irvine Greenway, or his representatives after him, took whatever was left of the estate after payment of the debts, devises, bequests, and costs of administration. To the extent that the residuary estate was enriched by the proceeds of the bank stock, the appellants would be benefited.

We are unable to sustain the contention of appellants that the power to alter the will of William M. Irvine did not extend to the remainder interests devised to William Irvine Greenway. The power was unlimited, "except as to the legacies to John S. Harris." The exception was confined to the interests vested in Harris, and did not extend to the separate estates or interests devised to others. The limitation was not upon the property itself, but upon the power of his wife to disturb the special provisions made for Harris. In so far as the remainder interests in the property provided for William Irvine Greenway were concerned, the wife, Eliza-

beth S. Irvine, possessed unfettered power to approve, alter, or modify, in her discretion. In Greenway v. White, 196 Ky. 745, 246 S. W. 137, 141, 32 A. L. R. 1385, it was said: ''Mrs. Irvine, under the will of her husband, was empowered in the explanatory clause therein contained to either approve, alter, or change it either 'in part or the whole,' except as to the portion devised to his half-brother, John S. Harris. She was not restricted either as to the subject-matter of the power or the beneficiaries whom she might select, and there can be no doubt that as to all the property to which the power attached she possessed a general and not a special or qualified one.'' Thus, by authority, is the proposition concluded.

Even so, it is nevertheless urged that the will of Elizabeth S. Irvine was silent upon the subject of the bank stock, or its proceeds, and hence her power was left unexecuted, thus preserving the provisions of William M. Irvine's will for the benefit of William Irvine Greenway in full force and effect. That argument was advanced in the case of Greenway v. White, supra, and is also answered by the opinion of the court in that case. The will of Mrs. Irvine was deemed adequate to dispose of all property over which she possessed testamentary power. Any property not specifically devised or described in her will passed under the residuary clause, including all the property over which she had a power of appointment under the will of her husband. The construction of the two wills in that case is conclusive of the same question in this one. Moreover, the reasoning of the opinion is satisfactory and its treatment of the subject exhaustive. Section 4845, Ky. Stats.; 49 C. J. sec. 122, p. 1288; Herbert v. Herbert, 85 Ky. 147, 2 S. W. 682, 8 Ky. Law Rep. 752; Durham v. Clay, 142 Ky. 96, 134 S. W. 153; Hankins v. Columbia Trust Co., 142 Ky. 206, 134 S. W. 498; cf. Campbell v. Fowler, 226 Ky. 548, 11 S. W. (2d) 423.

The conclusion of the circuit court was correct, and the appropriate order was entered.

The judgment is affirmed.