Weygandt, C. J.
 

 Was the Court of, Appeals in error in holding that the plaintiff’s husband retained such dominion and control over the corpus of the trust
 
 inter vivos
 
 as to render the provisions of that trust ineffective to deprive the plaintiff, as the now surviving spouse, of her interest in that property?
 

 The discussion in the opinion of the Court of Appeals is succinct, pertinent and decisive of the sole question presented. Reliance properly is placed upon the rule of l'aw stated and applied by this court in the recent case of
 
 Bolles
 
 v.
 
 Toledo Trust Co., Exr.,
 
 144 Ohio St., 195, 58 N. E. (2d), 381, 157 A. L. R., 1164. The first three paragraphs of the syllabus of that case read as follows: '
 

 “1. A husband may dispose of his personal property during his lifetime without the consent of his wife; but a husband may not bar his widow of her right to a distributive share of any property which he owns and of which he retains the right of disposition and control up to the time of his death.
 

 “2. Section 8617, General Code, which provides that a revocable and amendable living trust ‘shall be valid as to all persons’ except creditors, does not deprive the settlor of all dominion over the trust
 
 res
 
 so that a widow electing to take under the statute of descent and distribution is barred from claiming a distributive share of the property in such trust.
 

 “3. The transfer of property to a trustee under an agreement whereby the settlor reserves to himself the income during his life with the right to amend or revoke, is valid by virtue of Section 8617, General Code,
 
 *440
 
 but under such a trust agreement settlor does not part absolutely with tbe dominion of such property and Ms widow electing to take under the statute of descent and distribution may assert her right to a distributive share of the property in such trust at settlor’s death.”
 

 The defendants contend, first, that these quoted paragraphs of the syllabus are
 
 obiter dictum,
 
 second, that they are incorrect and should be overruled, and, third, that, even if proper, they are not applicable to the facts in the instant case.
 

 With these views this court finds itself unable to agree. With reference to the first two contentions it is unnecessary to restate- the rationale of the court. This leaves the question whether the law above quoted is applicable to the particular facts in the present controversy.
 

 In the third paragraph of the syllabus in the
 
 Bolles case, supra,
 
 it is recited that “the settlor reserves to himself the income during his life with the right "to amend or revoke” the trust agreement. It is conceded that in the instant case the plaintiff’s husband made precisely the same reservations.
 

 Likewise in that third paragraph of the syllabus in the
 
 Bolles case
 
 it is stated that the “settlor does not part absolutely with the dominion of such property.” How does this compare with the action of the husband ■of the plaintiff in the case at bar? The record discloses that the plaintiff’s husband not only expressly reserved the income together with the unrestricted right "to modify on revoke, but he did a number of additional "things that are important in determining the question •of dominion over the trust
 
 res.
 
 He expressly reserved the right to deliver additional securities to the trustee, and also the right to redelivery of trust property wMch might be the subject of revocation. Furthermore, it should be observed that there is an omission of certain authority ordinarily conferred upon such a
 
 *441
 
 trustee. This trustee is not authorized to sell any part of the trust property. There is no authority to invest any of the trust property. There is no authority to reinvest. Nor is there authority to vote the .stock in the trust.
 

 At this point it becomes necessary to mention still a third, related trust dated May 15,1939, three days subsequent to the previous trust agreement. The corpus of the previous trust consisted of 100 shares of the stock of a corporation called The McNeil Machine & Engineering Company in .which there were but five stockholders, each owning 100 shares. That trust agreement does authorize the trustee to vote the 100 shares of stock, but this is virtually nullified by a further provision authorizing the trustee to enter into a trust agreement with the remaining four stockholders whereby all of the stock of the corporation was to be surrendered and one certificate issued in the joint names of the trustee and the four other stockholders, all five to be designated as trustees thereof. This was done. As a result there no longer was any stock standing in the name of the original trustee alone, and, of course, he could vote no stock in that capacity. In spite of the new trust agreement the plaintiff’s husband continued to serve as the president at a salary of $20,000 per year and as a director of the corporation, and until his death he made the same use of his property as he had done previous to the execution of the trust agreements, while the trustee attended no meeting of the stockholders, attended no meeting of the board of directors, and at no time did he examine the books of the corporation. As well stated by the Court of Appeals in its opinion, “the record shows that Harris, the settlor, engaged in the business of operating the company, along with the other stockholders, and that the activities of his trustee were of a minor character.”
 

 
 *442
 
 As bearing upon the intent of the plaintiff’s husband, the record significantly discloses that the wife of each of the four remaining stockholders was fully informed •of the execution of the new trust agreement and assented thereto in writing, while the plaintiff had no knowledge of either trust agreement until after her husband’s death.
 

 Under the circumstances of this case the Court of Appeals manifestly was not in error in holding that the plaintiff’s husband retained such dominion and control over the corpus of the trust estate as to make the trust ineffective to deprive the plaintiff of her interest in the assets thereof as the surviving spouse. .
 

 The decree of the Court of Appeals must be affirmed.
 

 Decree affirmed.
 

 Turner, Bell and Sohngen, JJ., concur.
 

 Matthias, Hart and Zimmerman, JJ., dissent.