Zimmerman, J.,
 

 dissenting. In the instant case the trust was created more than three years before the settlor died. Title to the trust property, consisting of personalty, was transferred to the trustee, and the reserved rights of revocation and modification of the terms of the trust agreement were never exercised by the settlor. The indicia of a valid trust are apparent.
 

 The writer is of the opinion that pronouncements by the majority of the court in the present case and in the case of
 
 Bolles
 
 v.
 
 Toledo Trust Co., Exr.,
 
 144 Ohio St.,
 
 *447
 
 195, 58 N. E. (2d), 381, 157 A. L. R., 1164, represent a departure from the principles laid down by this court in former decisions, notably,
 
 Union Trust Co.
 
 v.
 
 Hawkins, Admr.,
 
 121 Ohio St., 159, 167 N. E., 389, 73 A. L. R., 190;
 
 Cleveland Trust Co., Trustee,
 
 v.
 
 White,
 
 134 Ohio St., 1, 15 N. E. (2d), 627, 118 A. L. R., 475; and
 
 Central Trust Co.
 
 v.
 
 Watt,
 
 139 Ohio St., 50, 38 N. E. (2d), 185.
 

 The writer did not join with the majority of the court in the case of
 
 Bolles
 
 v.
 
 Toledo Trust Co., supra,
 
 a principal reason being that he considered the second and third paragraph of the syllabus incompatible with expressions of this court in previous cases.
 

 Section 8617, G-eneral Code, as amended in 1921, is declarative of' the policy of this state on the subject to which it relates and sanctions the creation of revocable living trusts wherein the settlor retains the income of the trust for life and reserves the right to alter, amend and revoke the trust instrument. The trust here involved is of such a character.
 

 It is interesting to note that the Court of Appeals in the present case held the trust valid, and that the majority opinion herein makes no declarations as to its invalidity. Following the
 
 Bolles case, supra,
 
 such majority opinion states that because the settlor did not part with dominion and control over the trust property, his widow could, after his death, elect to take under the statutes of descent and distribution and successfully assert the right to a distributive share of the property included in the trust.
 

 It seems incongruous indeed.that a trust may be valid giving the trustee title to and a vested interest in the trust property and yet the settlor’s widow, upon electing not to take under his will, may be accorded the right by judicial fiat to claim a “distributive share” of the trust property under the statutes of descent and distribution.
 

 
 *448
 
 Such thesis is contrary to the illustration contained in 1 Restatement of Trusts, 177, Section 57, which reads:
 

 “A, a married man, transfers property to B in trust to pay the income to A for life and on his death to convey the property to C. By the terms of the trust A reserves power to revoke or modify the trust. By statute it is provided that on the death of a married man, his wife shall be entitled to one-half of the property owned by him at his death, and that she cannot be deprived of'her share of the property by his will. A’s widow is not entitled to any part of the trust estate.”
 

 A rule generally recognized is that an individual may do as he wishes with his personal property during his lifetime. This principle is accepted in Ohio. See
 
 Mark
 
 v.
 
 Mark,
 
 145 Ohio St., 301, 61 N. E. (2d), 595, 160 A. L. R., 608;
 
 Neville
 
 v.
 
 Sawicki, Exr.,
 
 146 Ohio St., 539, 67 N. E. (2d), 323.
 

 Speaking on the subject, the Supreme Court , of Pennsylvania said, in the case of
 
 Windolph
 
 v.
 
 Girard Trust Co.,
 
 245 Pa., 349, 363, 91 A., 634, 638:
 

 “It is the settled law in this state, as was the common law, that during his life a man may dispose of his personal estate by voluntary gift or otherwise as he pleases, and it is not a fraud upon the rights of his widow or children * * *. This power arises from the fact that he is the absolute owner and hence may make a gift, declare a trust, or otherwise dispose of his personal property at his pleasure. During his life, his wife and children have no vested interest in his personal estate, and hence they cannot complain of any disposition he sees fit to make of it. Their right to his property attaches only at his death.”
 
 t
 

 The “good faith” required of a settlor in making an effective disposal of his property in his lifetime does not refer to his purpose to ignore his wife, but to the intent to divest himself of the ownership of the prop
 
 *449
 
 erty placed under a trust agreement. Therefore, the fraudulent intent which will nullify the trust cannot be based on the husband’s purpose to deprive his wife of her distributive share in his estate as widow.
 
 Lines
 
 v.
 
 Lines,
 
 142 Pa., 149, 21 A., 809, 24 Am. St. Rep., 487;
 
 Windolph
 
 v.
 
 Girard Trust Co., supra; Kerwin
 
 v.
 
 Donaghy,
 
 317 Mass., 559, 59 N. E. (2d), 299.
 

 For other cases of similar import, where the excluded spouse was denied any part of the trust property at the settlor’s death, see
 
 Brown
 
 v.
 
 Fidelity Trust Co., Trustee,
 
 126 Md., 175, 94 A., 523;
 
 Rose
 
 v.
 
 Union Guardian Trust Co.,
 
 300 Mich., 73, 1 N. W. (2d), 458;
 
 Beirne
 
 v.
 
 Continental-Equitable Title & Trust Co.,
 
 307 Pa., 570, 161 A., 721.
 

 Within the provisions of present Section 8617, General Code, it is plain that an individual during his lifetime may create a valid revocable trust, with the reservations stipulated, which will operate to exclude any claim of the surviving spouse to a “distributive share” of the property in the trust upon the settlor’s death. If the existence of a situation of this kind is undesirable in Ohio, the General Assembly is the agency to adopt corrective legislation.
 

 In the writer’s view, the majority opinion herein represents a variance from established principles and he cannot subscribe to it.