Taft, J.,
dissenting. This cause was heard in the Probate Court on a demurrer to plaintiff’s amended petition. The grounds of the demurrer were:
“1. That the court has no jurisdiction of the subject of the action.
“2. That the amended petition does not state facts which show a cause of action.”
The Probate Court sustained that demurrer without stating either in its journal entry or by opinion the ground upon which it was sustained. The journal entry recited that, the plaintiff not desiring to plead further, “the petition of the plaintiff * * * is dismissed at plaintiff’s cost.”
The Court of Appeals reversed the judgment of the Probate Court and ordered that court to overrule the demurrer. In its opinion, it recognized the necessity of determining whether the amended petition stated a cause of action and held, on the authority of Bolles v. Toledo Trust Co., Exr., 144 Ohio St., 195, 58 N. E. (2d), *289 381, 157 A. L. R., 1164, and Harris v. Harris, a Minor, 147 Ohio St., 437, 72 N. E. (2d), 378, that it did.
For the reasons stated by Zimmerman, J., in his dissenting opinion in the Harris case and the reasons stated in the dissenting opinion by Matthias, J., concurred in by Hart, J., in the same case, I am of the opinion that the amended petition stated no cause of action. See, also, Union Trust Co. v. Hawkins, Admr., 121 Ohio St., 159, 167 N. E., 389, 73 A. L. R., 190; Cleveland Trust Co., Trustee, v. White, 134 Ohio St., 1, 15 N. E. (2d), 627, 118 A. L. R., 475; Central Trust Co. v. Watt, 139 Ohio St., 50, 38 N. E. (2d), 185; and Section 8617, General Code.
Furthermore, since the trust described in that amended petition was irrevocable, unlike those involved in the decisions in the Bolles and Harris cases, neither the majority opinions nor the decisions in those cases would justify the conclusion that the amended petition in the instant ease stated a cause of action.
Matthias, J., concurs in the foregoing dissenting opinion.