DREW, PLAINTIFF, *v.* RICHARDS ET, DEFENDANTS.

Common Pleas Court, Hamilton County.

No. A-168025.   Decided April 12, 1960.

*Messrs. Rendigs, Fry & Kiely,* for plaintiff.

*Mr. Mark McElroy,* attorney general, *Mr. DeForest Mellon,* assistant attorney general, *Messrs. Paxton & Seasongood* and *Messrs. Lanier, Guy, Walker & Lanier,* for defendant, C. Elton Richards, as Successor Trustee under Declaration Trust of Elizabeth S. Drew.

*Messrs. Dinsmore, Shohl, Dinsmore & Todd,* for Mary C. Stephenson, Guardian of the person of Mary Elizabeth Drew, a minor.

*Mr. James W. Farrell, Jr.,* city solicitor, and *Mr. William*

*A. McClain,* deputy solicitor, for defendant, Board of Directors of the University of Cincinnati.

*Messrs. Taft, Stettinius & Hollister,* for The Children's Hospital.

BADER, J. This case comes before the Court on the petition of the plaintiff seeking a declaratory judgment on the question of whether or not a paper writing purported to be a Declaration of Trust and on other matters dependent upon the ruling of the Court as to the question in main.

Elizabeth Drew, after several conferences (See Record, 165), executed a purported Declaration of Trust on December 15th, 1955, and, on the same day but subsequent to executing the purported Declaration of Trust, she executed a Last Will and Testament (See Record, 169). The record is silent as to whether or not the will and the trust were executed at the same meeting.

The purported Declaration of Trust provided in part that the trustor, Elizabeth S. Drew, was declared trustee and that she reserved "the right to revoke, amend or modify the trust herein created in any and all respects by instrument of writing during my lifetime" and further provided that she "shall be entitled to all the Income of the trust;"

"After my death the property of said trust shall pass in trust to Dr. C. Elton Richards of Hamilton County, Ohio, said property and assets to be held by him and known as 'The Elizabeth S. Drew Foundation' of which he shall be the sole Trustee.

"The term of said trust known as 'The Elizabeth S. Drew Foundation' shall be for the life of the said Dr. C. Elton Richards. Upon Dr. Richards' death, the assets of the trust shall be distributed to such public, charitable and educational organizations as he shall appoint in his Last Will and Testament, provided that at least one-half of the assets are appointed to donees resident in Ohio. Upon his failure to so appoint such

assets, they shall be distributed to the following organizations in the proportions named, to-wit:

"One-half to The Childrens Hospital of Cincinnati; One-half to The University of Cincinnati, to be used by the College of Medicine for medical research."

It then further directs the Trustee appointed as to his duties and makes further instructions which are not pertinent to the issues in this case. There is no mention of the purported Declaration of Trust in question in the Last Will and Testament of Elizabeth S. Drew.

The purported Declaration of Trust resolves itself in a situation where the Trustor is also the Trustee and, one of the beneficiaries of the Trust with the power to revoke, amend or modify.

It is the contention of the plaintiff that this is not a good and valid declaration of an inter vivos Trust partially because of the facts set forth in the preceding paragraph, and partially because there was not an overt act on the part of the trustor to indicate her intention of carrying out the terms of the trust, or to segregate the assets of the Trust from her personal holdings in the safe deposit box.

Section 1335.01, Revised Code, provides in part as follows:

"All deeds of gifts and conveyances of real or personal property made in trust for the exclusive use of the person making the same are void, but the creator of a trust may reserve to himself any use of power, beneficial or in trust, which he might lawfully grant to another, including the power to alter, amend or revoke such trust, and such trust is valid as to all persons, except that any beneficial interest reserved to such creator * * *."

This statute empowers a trustee to name himself as trustee and beneficiary, and from the cases presented and read this Court is of the opinion that there is nothing to prevent a trustor from naming himself as trustee and beneficiary, nor does the declaration of trust become invalid for that reason alone. See: 101 Ohio App., 383; 144 Ohio St., 195; 134 Ohio St., 1; 139 Ohio St., 50. The purpose of this statute was intended to prevent a fraud being practiced on creditors and widows who found themselves without assets of the deceased

husband, or the creditor respectively, to satisfy their claims and legal rights.

There is no contention in this case that the trustor was incapacitated mentally to prevent her from formulating and executing a good and valid trust agreement, nor is it contended that there was fraud, duress or undue influence invoked to have the instrument in question executed.

The trust also provides that during the continuance of the trust the Trustee C. Elton Richards should hold and use the same for medical, research and other charitable purposes and uses of a public nature. The Trustee, C. Elton Richards, was further given full and complete power to deal with the property in question which powers also applied to trustor as trustee.

There is testimony to the effect that the Trust Agreement was placed in the safe deposit box of Elizabeth S. Drew by her agent and that it was seen in the box at the time of the opening by the representative of the County Auditor's Tax Division, although the representative of the Auditor's Inheritance Tax Division testified that they found no marked envelopes that they remember. (See page 148, Record.)

It was also testified to that the "document and the securities were held together by a string or rubber band and stood in one pile instead of falling over as if they were loose." It was testified to further by this witness that "they were taken out of the envelopes and arranged for listing." (See Record, pp. 172 and 193.) It was also testified to that the cards and the listings were marked with red pencil indicating the stocks included in trust.

Mrs. Stephenson, Miss Fredricks, Judge Shohl and Garrick C. Stephenson knew of the trust. The Instrument in question was at no time revoked, amended or modified.

Under the facts set forth and presented in this case the Court is of the opinion:

1. That a Declaration of Trust wherein the Trustor, the primary trustee and one of the beneficiaries are the same is not void because of those facts alone.

2. That in the absence of fraud, undue influence or duress, or mental incapacity, the intention of the trustor prevails.

3. That the trustor executed a good, inter vivos trust

agreement with the intention that the property involved should pass as indicated.

4. That the Declaration of Trust in question, under the evidence presented, is a good, valid and subsisting trust.