McLaughlin, J.
Our main question here is: Does the deposit of money in savings accounts, indicating, on the passbooks only, the depositor himself as trustee for various persons without the relinquishing of any control and without the knowledge of the purported beneficiaries, create valid trusts to the extent that the fiduciary is barred from the savings deposits after the depositor’s death?
Stripped of legal verbiage, the savings deposits in the instant case are at most “tentative” or “Totten” trusts, such as were validated in 1904 by the New York case of In re Totten, 179 N. Y., 112, 71 N. E., 748. The syllabus of the Totten case *365 states that “a deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust * * #. In ease the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created * * V’
This New York, or Totten, rule clashes head-on with the Massachusetts rule, which is best stated, as follows, in O’Hara, Admx., v. O’Hara (1935), 291 Mass., 75, 77 :
“It is so common for an owner of personalty to put the apparent title in his own name as trustee for another who furnishes no consideration, without any intent to create a genuine present interest in that other, or to surrender any part of his own dominion over the property, that the law is skeptical of the reality of the trust so declared. The mere statement that one is trustee for another does not define the nature and extent of the trust, nor show that if a trust is really contemplated it is lawful in purpose. Often the real intent is testamentary. Unless there is something more than the words that one is trustee for another, to show that a present creation of an equitable interest is intended and that the settlor has ceased to have full dominion, the nominal cestui has no rights. ’ ’
The Court of Appeals here placed great reliance upon an Ohio statute, stating: “The charge that the trust is invalid if revocable is disposed of by Revised Code Section 1335.01,” and that, “revocable or not, it is valid with the reservations stipulated in Revised Code Section 1335.01.”
Section 1335.01 reads, in pertinent part, as follows:
“All deeds of gifts and conveyances of real or personal property made in trust for the exclusive use of the person making the same are void, but the creator of a trust may reserve to himself any use of power, beneficial or in trust, which he might lawfully grant to another, including the power to alter, amend, or revoke such trust, and such trust is valid as to all persons, except that any beneficial interest reserved to such creator may be reached by the creditors of such creator, and except that where the creator of such trust reserves to himself for his own benefit a power of revocation, a court, at the suit of any creditor of the creator, may compel the exercise of such power *366 of revocation so reserved, to the same extent and under the same conditions that such creator could have exercised the same.”
This section is the first in the chapter entitled “Statute of Frauds.” It deals with formal written trust deeds or instruments.
Since the enactment of this statute, Ohio cases have dealt with formal written trust instruments in which the terms of the trust are set out in such a way as to leave no uncertainty as to the settlor’s intent to create a trust and reduce the danger of fraud to a minimum. See Cleveland Trust Co., Trustee, v. White (1938), 134 Ohio St., 1; Schofield, Trustee, v. Cleveland Trust Co. (1939), 135 Ohio St., 328; Cleveland Trust Co. v. Watt (1941), 139 Ohio St., 50; Smyth v. Cleveland Trust Co. (1961), 172 Ohio St., 489. This statute permits creditors to reach the trust funds. It concerns protection of creditors against fraud of the trust creator. It has no weight in determining the validity or existence of a trust.
Also, Section 1105.10, Revised Code, has been cited. It permits a bank to pay a trust account to a surviving beneficiary. It concerns merely bank protection. It is permissive and not mandatory. It has no weight in determining the validity or existence of a trust.
There are two officially reported Ohio cases in which there was no formal written trust instrument. In the case of Jones v. Luplow (1920), 13 Ohio App., 428, the court set forth the necessary elements for the creation of a trust. At page 431, the court said:
“The several elements which must concur in the creation of a trust are a person competent to create it, sufficient words to establish it, a person capable of holding as trustee, a specified or ascertainable object, a definite subject, and a declaration of the terms of the trust. To constitute an express trust there must be either explicit language to that effect or circumstances which show with reasonable certainty that a trust was intended to be created * * (Emphasis supplied.)
In the comparatively recent case of Adams, Admx., v. Fleck (1961), 171 Ohio St., 451, we find certain guideposts which lead us to the answer of our main question. First, we note that there, *367 as in the instant case, there was no formal trust instrument. The fourth paragraph of the syllabus reads:
“Because of our statutes relating to wills, no trust can effect ■a valid gift of property and also enable the donor to retain during his life substantial rights in that property and substantial rights of dominion and control over that property unless such trust and its terms are definitely established by clear and convincing evidence.” (Emphasis supplied.)
At page 458, Judge Taft made the following statement:
“Although this court has gone far in recognizing inter vivos trusts as valid, even though they do not take away from the donor until his death either the income from the trust property or even the right to get it back, this has been done only in those cases where there has been a formal trust instrument that definitely eliminated any question as to the donor’s intention.”
The settlor’s intention is controlling. Where there is a formal trust instrument, the settlor’s intention to create a trust is clearly shown. Without a formal trust instrument, the intention and the terms of the trust must be implied. Under the Massachusetts rule, as stated in the O’Rara case, supra, there must be something more than the words that one is trustee for another to show that the settlor had a present intention to create a trust. We add that the something more must be clear and convincing evidence showing the settlor’s intention to create the trust.
The law is skeptical of such savings-bank trusts, and with good reason. The deposit of money in a bank under a trust title is considered equivocal. See article by Professor Bogert, 1 Cornell Law Quarterly, 159, and the article by Professor Rowley, 3 Cincinnati Law Review, 361. Webster defines “equivocal” as “having two or more meanings; purposely vague or ambiguous; uncertain, doubtful; suspicious; questionable.” Often the real intent is testamentary. Often the real intent is some tax exemption. Often the real intent is to gain the depositor greater deposit insurance coverage. And often the real intent is to veil or conceal from others knowledge of the settlor’s pecuniary condition.
Aside from the word, “trustee,” on the passbooks, the only evidence in the instant case is the following conversation which the settlor had with one Izant, banker and attorney:
*368 “Q. And will you tell the court what occurred at that time. A. Well, Mr. Hoffman had been one of our depositors for many years and came in the office and saw me and said that he would like to establish some savings accounts in his name as trustee for several individuals, and I told him that that could be accomplished, but I also advised him that he should have a formal declaration of trust, and he wanted to know what that was, and I told him substantially what it was, but, nevertheless, he decided that he would open these accounts just as you see them opened. I never saw a formal declaration of trust. ’ ’
This conversation is just as equivocal as the mere word, “trustee,” on the passbooks. It certainly does not meet our test of being clear and convincing evidence of a present intention to establish a trust.
Where a trust is claimed in a savings-bank deposit solely by reason of words on the passbook that the depositor is trustee for another, there being no formal written trust instrument, no relinquishment of any control and no knowledge of the purported beneficiaries, a trust is not created. See Adams, Admx., v. Fleck, supra.
As to the real estate not included in the inventory, the Probate Court found from the evidence, and the Court of Appeals affirmed, that such real estate was the property of one George A. Gartner and not the property of John Carl Hoffman and should not be included in the inventory. Such is assigned here as error, being against the manifest weight of the evidence. This court does not weigh the evidence. Therefore, this assignment is overruled.
The judgment of the Court of Appeals is reversed so far as it holds that the savings-account deposits should not be included in the inventory and is affirmed so far as it holds that the real estate should not be included in the inventory.

Judgment reversed in part and affirmed in part.

Taft, C. J., Zimmerman, Matthias, O’Neill, Herbert and Gibson, JJ., concur.
McLaughlin, J.,
of the Fifth Appellate District, sitting by designation in the place and stead of Griffith, J.